JOHN B. ANTHONY, Trustee, *vs.* THE HOUSEHOLD SEWING MACHINE COMPANY.

A. loaned money to a corporation to be repaid in preferred stock which was to be issued, both parties supposing that the corporation had power to issue such stock. It appearing that such power did not exist, A. demanded the return of his money and brought an action therefor.

*Held,* that A. was entitled to recover, and that the corporation could not defend by the offer of preferred stock issued under legislative authority granted pending the action.

EXCEPTIONS to the Court of Common Pleas.

*July* 23, 1889. DURFEE, C. J. The plaintiff was one of several persons who lent $200,000, in sums of varying amount, to the

---

defendant corporation, under an agreement with the corporation that they were to be repaid in preferred stock to be subsequently issued by it. It was supposed, when the money was lent, that the corporation had power to issue such stock in discharge of the agreement, but it was afterward ascertained that, as matter of law, it did not have the power, and thereupon the plaintiff demanded a return of the money which he had lent, and, upon the refusal or failure of the corporation to return it, brought this action to recover it in the Court of Common Pleas. Before trial in said court the corporation had procured the passage of an act by the General Assembly enabling it to issue preferred stock to the amount of $200,000, and at the trial set up in defence the agreement aforesaid, and contended that the plaintiff could not maintain his action because he was bound to accept repayment in preferred stock, according to the agreement which it was then ready to fulfil. The court below sustained the defence, and the plaintiff, excepting, has brought the case up before us on bill of exceptions.

We think the ruling of the court below was erroneous. The agreement was not an agreement to repay the loan in preferred stock, if power could be procured to issue stock, but an agreement absolutely to repay in that form. It was an agreement by the corporation to do something which it had no power to do. It was therefore void, and the plaintiff was entitled to treat it as void and reclaim his money. Where money has been advanced under such a contract, it can be recovered back by the party advancing it, so long as the contract remains wholly unperformed by the other party, the recovery being had, not under the contract, but in disaffirmance of it, on a promise implied independently of it. 2 Morawetz on Private Corporations, §§ 721, 722; *Dill* v. *Wareham*, 7 Metc. 438; *Spring Co.* v. *Knowlton*, 103 U. S. 49; *The Mayor* v. *Ray*, 19 Wall. 468; *Oneida Bank* v. *The Ontario Bank*, 21 N. Y. 490; *Thomas* v. *Railroad Co.* 101 U. S. 71; *Newcastle Northern Railway Co.* v. *Simpson*, 11 Federal Reporter, 533; *White* v. *Franklin Bank*, 22 Pick. 181; 2 Parsons on Contracts, *746. The case of *Spring Co.* v. *Knowlton*, *supra*, resembles the case at bar much. Money advanced for corporate shares to be issued to increase the capital stock of the corporation, illegally or without authority, was there allowed to be recovered back.

The contention here is that the plaintiffs ought not to be allowed to recover, because the corporation, now duly authorized, is ready to fulfil its contract. But there is no contract, the contract set up being a nullity because the corporation had no power to bind itself by it. It may be competent for the subscribers for preferred stock to renew their contract since the passage of the enabling act, but the enabling act itself does not renew it, nor empower the corporation to renew it without the concurrence of the subscribers. Nor does it purport to do any such thing. 2 Parsons on Contracts, *674. Indeed, the act requires that the preferred stock, when issued, shall be first offered to the stockholders proportionately to their stock, so that, if the corporation is now ready to issue to the plaintiff the preferred stock which he subscribed for, it is not because the act has directly and in terms enabled it to do so, but because the stockholders do not choose to avail themselves of their priority. *Exceptions sustained.*

*John D. Thurston*, for plaintiff.

*Charles A. Wilson & Thomas A. Jenckes*, for defendant.