## Chicago Sign Printing Company v. Fred W. Wolf.

### Gen. No. 13,252.

1. BILL OF EXCEPTIONS—*what may be covered by.* A bill of exceptions may properly include not only what actually occurred at the trial of the cause but those matters which were preliminary thereto, even though the same transpired at a term antecedent to that of the trial.

2. CONTINUANCE—*what not ground for.* A continuance is properly denied because of the absence of a material witness where it appeared that such witness, with knowledge that the cause might be called for trial, had undertaken a journey to Europe.

3. CONTINUANCE—*extent of competency of affidavit admitted on denial of motion for.* The admission of the contents of an affidavit presented upon a motion for a continuance does not include portions of such affidavit which represent conclusions of law or which are otherwise incompetent.

4. CORPORATION—*effect of agreement to increase capital stock of.* Two or all of the stockholders of a corporation acting at any other time or in any other way than that provided by the statute are

powerless to make any agreement, or do anything involving an increase of capital stock other than to take the necessary preliminary steps provided by statute for calling a special meeting to consider such a proposition.

Assumpsit. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1906. Affirmed. Opinion filed July 9, 1907.

Statement by the Court. Fred W. Wolf, appellee, brought this action in the Circuit Court against the Chicago Sign Printing Company, appellant. The declaration consists of the common counts. The defendant filed its plea of the general issue.

When the case was called for trial the defendant presented its written motion for a continuance of the case with affidavits in support thereof to the court. The plaintiff admitted that Ernecke, who was secretary and treasurer of the defendant and was absent in Europe, would, if present, testify to the facts which were set forth in the affidavit of Salmstein. Thereupon the court denied the motion for a continuance.

The evidence on the part of the plaintiff tended to show that on August 19, 1902, the plaintiff loaned the defendant $4,000 which it had never repaid.

The evidence on behalf of the defendant tended to show that Salmstein, president, and Ernecke, secretary and treasurer of the defendant company, had formed a project of increasing the capital stock of the defendant company from $5,000 to $25,000; and that they had two or three interviews with the plaintiff, in which they proposed to him to take $9,500 of this proposed increase of stock, and that plaintiff consented to and agreed verbally to take that amount of stock; and that he paid to the defendant company $4,000 on that account.

At the conclusion of all the evidence in the case the defendant presented its written motion to instruct the jury to find the issues for the defendant, and tendered with the motion a written instruction to that effect.

The court denied the motion and refused to give the instruction.

Thereupon the plaintiff moved the court to instruct the jury to find the issues for the plaintiff and tendered with his motion an instruction as follows:

"The court instructs the jury to find the issues for the plaintiff and to award the plaintiff the sum of $4,000, with interest thereon at the rate of five per cent. per annum from the 19th day of August, A. D. 1902."

The court granted the motion of the plaintiff and gave the instruction to the jury. The jury returned a verdict in favor of the plaintiff for $4,716.66. After denying a motion for a new trial and in arrest of judgment, the court entered judgment on the verdict for $4,716.66 against the defendant.

Darrow, Masters & Wilson, for appellants; Edgar L. Masters, of counsel.

Scott, Bancroft, Lord & Stephens, for appellee.

Mr. Justice Smith delivered the opinion of the court.

Appellee presented his motion to this court to expunge from the record that part of the bill of exceptions which relates to matters preliminary to the trial by the jury, namely: the proceedings in relation to the motion of appellant for a continuance of the case, upon the ground that the motion and the action of the court thereon, and the exceptions claimed to have been taken by appellant thereto, occurred at the March term, 1906 of said court, before the jury was called for the trial of the cause, and that no bill of exceptions upon the ruling of the court was taken, filed or presented, or time given for that purpose at said March term, and that no application for time within which to file a bill of exceptions in said case was made until April 21, 1906, one of the days of the April term, 1906, of said court.

This motion was reserved to the final hearing.

We are of the opinion that the motion to expunge

must be denied. When the case was called for trial the motion to continue was made, and it was so far a part of the proceedings on the trial that it was covered properly by the order made at the April, 1906, term, denying the motion for a new trial and giving time within which a bill of exceptions might be made and filed.

The denial of the motion of appellant to continue the case is assigned for error.

It appears that when the case was first reached for trial on the docket, a stipulation was entered into between the parties that the case should be passed and taken up for trial on ten days' notice by either party, with the understanding that the plaintiff would not call it up until the return of a Mr. Thompson, then in California. The record, however, does not show any agreement between the parties that Mr. Ernecke might go to Europe, and the case would not be called for trial during his absence. Under the stipulation and order passing the case, either party could have given notice and had the case put upon the trial call at any time before Mr. Ernecke left for Europe, and hence the application for continuance did not show due diligence. If appellant deemed the testimony of Ernecke material on the trial his deposition should have been taken before undertaking a journey that would occupy so much time necessarily. Wick v. Weber, 64 Ill. 167, 169; Quincy W. Co. v. Tillson, 67 *id.* 351, 354.

Counsel for the plaintiff, however, in order to induce the court to deny the motion for a continuance admitted in open court that Mr. Ernecke, if present, would testify to the matters set forth in the affidavit for continuance, and thereupon the court denied the motion. We find no error in the ruling of the court.

When the affidavit of Salmstein was offered in evidence, the plaintiff's attorney objected to the following statement in the affidavit: ''and on said last mentioned occasion said plaintiff consented and agreed to take

$9,500 worth of the increased capital stock of said corporation,'' upon the ground that, if present, the witness would not be allowed to testify to the conclusion stated in the affidavit under the rules of evidence. The court excluded that clause in the affidavit. Error is assigned on this ruling.

In construing the statute under which a continuance may be avoided by admitting in evidence affidavits for continuance it has been held that ''the statute only authorizes so much of the affidavit to be read to the jury as states that which the witness, if present, would, under the rules of evidence, be permitted to state upon the witness stand.'' City of Aurora v. Scott, 82 Ill. App. 616; Slate v. Eisenmeyer, 94 Ill. 96; Chicago City Railway Co. v. Duffin, 126 *id*. 100. If the witness had been present in court he would not have been permitted to state his conclusion as to what was said on the occasion in question, under the rules of evidence. He would have been permitted to state what was said, and the question as to whether the plaintiff ''consented and agreed,'' etc., would have been left to the jury. In our opinion the ruling of the court was correct, upon the theory that the evidence was material. We think, however, the evidence was immaterial for the reason shown later in discussing the question whether the court erred in directing a verdict, which we shall now consider.

The only defense presented by appellant to this action was that appellee agreed to take $9,500, face value, of a proposed increase of the capital stock of appellant, and that the money here sued for was actually paid to appellant to apply on the purchase of that stock, and was not a loan to appellant. Assuming, then, the truth of appellant's contention as to the facts, and that appellant's version of the evidence upon this question is the true version, was the alleged agreement of appellee to take $9,500, face value of the proposed increase of the capital stock of appellant company, a binding contract upon appellant.

This transaction, upon the evidence offered by appellant, was an agreement between Salmstein and Ernecke on the one hand, and appellee Wolf on the other, by which appellant was to increase its capital stock, and Wolf was to acquire a portion thereof. Appellant company was not in terms, and could not be in law, a party to such an agreement.

Under the General Corporation Act, the power to increase the capital stock of a corporation is vested in the stockholders acting at a duly called special meeting of stockholders to consider that question. Sec. 1, Act approved June 6, 1889, Hurd's Revised Stat. 1905, p. 507. Two or all of the stockholders acting at any other time or in any other way than that provided by the statute are powerless to make any agreement, or do anything involving an increase of capital stock other than to take the necessary preliminary steps provided by statute for calling a special meeting to consider such a proposition. At the time of this supposed transaction no steps had been taken looking toward the increase of the capital stock of appellant. Appellant at that time had no power to issue the stock or bind itself to issue the stock. Hence, if the alleged agreement could be considered as the agreement of appellant upon the ground that Salmstein and Ernecke were officers of appellant and had authority to act for appellant in the matter, so far as such authority could be conferred upon them, the corporation was without authority or power to make a binding contract to issue the stock and could not issue it and the alleged contract could not have been enforced against it. If not binding upon appellant, it was void as to appellee for want of mutuality. Finley Shoe & Leather Co. v. Kurtz, 34 Mich. 89; Fanning v. Insurance Co. 37 Ohio St. 339, 342, 343; Parker v. Northwestern C. M. R. R. Co., 33 Mich. 23; Real Estate Trust Co. v. Bird, 90 Md. 29.

In Anthony v. Household Sewing Machine Co., (R. I. 1889) 18 Atl. Rep. 176, the plaintiff was one of several

persons who loaned various amounts to the defendant corporation under an agreement with the corporation that they were to be repaid in preferred stock to be subsequently issued. It was supposed at the time that the company had the power to issue such stock. The court held that the agreement was to do something which the corporation had no power to do, and it was therefore void, and the plaintiff was authorized to treat it as void and reclaim the money.

The authorities cited by counsel for appellant to the effect that a parol subscription for capital stock of a corporation before organization is binding do not apply to the case at bar, which involves a subscription to increased capital stock before the corporation has any power to issue such stock, or make any contract in regard thereto. An agreement to purchase increased capital stock under the facts shown by this record, assuming appellant's version of such facts, does not stand upon the same footing precisely as a subscription made prior to, and for the purpose of, effecting the organization. This distinction is pointed out in St. Paul S. & F. R. Co. v. Robbins, 23 Minn. 439, and in Baltimore v. Hambleton, 77 Md. 341.

For the reasons indicated the court did not err in giving the instruction for the plaintiff. Admitting that the agreement set up by appellant was made as shown by the testimony offered in its behalf (as the motion of appellee to instruct for the plaintiff admitted all that the evidence for appellant fairly tended to prove), no defense was made out to the case of appellee.

The agreement set up by appellant being void, as we have seen, there was no error for this reason also in excluding the clause of the affidavit above quoted.

Finding no error in the record the judgment is affirmed.

*Affirmed.*