### Margaret Kennedy, Defendant in Error, v. Prudential Insurance Company of America, Plaintiff in Error.

### Gen. No. 16,835.

1. INSURANCE—*policy construed.* Where an insurance policy provides that all statements made by the insured shall in the absence of fraud be deemed representations and not warranties, and "no such statement shall avoid the policy," etc., the words "no such statement" refer to the provision as to "all statements made in the absence of fraud."

2. INSURANCE—*evidence.* Where an insurance policy contains a provision that "all statements made by the insured shall in the absence of fraud be deemed representations and not warranties," it is proper to admit answers by the insured to the medical examiner made after her application, when such answers, in connection with the stipulated facts, show a wilful misstatement of matters materially affecting the risk.

3. INSURANCE—*fraudulent answer to questions of medical examiner.* A negative answer to a question which is part of the contract of insurance, as to whether the applicant had so far as she knew ever had any serious illness, was made with an intention to deceive where the applicant had left a hospital after an operation for appendicitis only ten days before the application was made.

4. INSURANCE—*materiality of false answer.* The materiality of a false answer to a question which is part of the contract of insurance is a matter of law.

5. INSURANCE—*when false answer material.* A false answer to a question put to an applicant for an insurance policy, as to whether she had so far as she knew ever had any serious illness, is material to the risk and avoids the policy, whether such answer is considered as a warranty or as a representation.

6. INSURANCE—*what false answers available as a defense.* A false answer in the application made a part of the policy, as to whether the insured had so far as she knew ever had any serious illness, and fraudulent answers to questions of the medical examiner concerning whether she ever had had appendicitis or had had an operation, are available in defense in an action on the policy which is not incontestable at the time of the death of the insured.

7. INSURANCE—*instructions.* In an action on an insurance policy, where it is admitted that the insured made false answers as an inducement to the contract, instructions that the verdict should be for defendant if insured represented in her application that she had never undergone any surgical operation and falsely concealed such fact and if it be found from the evidence that the representations were material to the risk and insured knew they were false when made, but if it be found that the insured made truthful answers to the best of her knowledge and belief then the verdict should be for plaintiff, are erroneous.

Error to the Municipal Court of Chicago; the Hon. W. H. HINE-BAUGH, Judge, presiding. Heard in this court at the October term, 1910. Reversed. Opinion filed January 27, 1913.

**Statement by the Court.** This is a writ of error sued out to reverse a judgment of the Municipal Court in favor of the defendant in error, Margaret Kennedy, against the plaintiff in error, the Prudential Insurance Company of America, for $525.25.

Margaret Kennedy was the beneficiary named in a policy of insurance of the defendant company for $500, issued on the life of Bridget Mary Kennedy, her sister, on December 24, 1908.

The policy, which is signed upon the first page, contains the statement that it is "subject to the privileges and provisions on the second and third pages hereof, which are hereby made a part of this contract."

The second page contains these provisions:

"*Incontestability.* This policy shall be incontest-

able after one year from its date, except for non-payment of premium.

*Entire Contract Contained in this Policy.* This policy (together with the copy of the application endorsed hereon) contains the entire contract between the parties hereto and all statements made by the Insured shall in the absence of fraud be deemed representations and not warranties, and no such statement shall avoid the policy or be used as a defense to a claim thereunder unless it be contained in the application for the policy and unless a copy of such application be endorsed upon or attached to the policy when issued.''

On the fourth page of the policy is endorsed a copy of the application signed by Bridget M. Kennedy. In it are these questions and answers material to this cause:

''5 A.   Are you in good health?   Yes.

''B.   Have you so far as you know ever had any serious illness or disease?   No.''   And the following provision:

\* \* \* ''I agree that the foregoing, together with this declaration, shall constitute the application and become a part of the contract of insurance hereby applied for.''

The application is dated December 18, 1908. December 20, 1908, she was examined by the examining physician of the company and answered a number of questions regarding her health and physical condition. These questions and answers, which were reduced to writing and signed by the applicant, include, among others, the following:

''Q.   Have you ever undergone a surgical operation?   No.

Q.   When?   A.   Never.

Q.   For what was operation performed?   A.   None.

Q.   Results.   A.   None.

Q.   Are you in good health?   A.   Yes.

Q.   When last attended by a physician?

A.   About four years ago.

Q.   For what complaint?   A.   Cold in head, sick four days.

Q.  Have you ever had serious illness?  A.  No.
Q.  When?  A.  Never.
Q.  How long?  A.  None.
Q.  Nature of illness?  A.  None.
Q.  Have you ever had  *  *  *  appendicitis?
A.  No.''

On the trial of this case below the following facts were stipulated by the parties:

''1.    That the defendant issued its policy  *  *  * dated December 24, 1908, on the life of Bridget M. Kennedy for $500, payable to Margaret Kennedy as beneficiary.  *  *  *

2.    That the premiums upon the said policy were paid to the 23rd day of December, A. D. 1909.

3.    That the said Bridget M. Kennedy died on July 2, 1909.

4.    That due proof of the death of Bridget M. Kennedy was made to the defendant.

5.    That the said Bridget M. Kennedy was admitted as a patient to St. Anthony's Hospital in Chicago, Illinois, on November 17, 1908; that on November 18, 1908, a surgical operation was performed on the said Bridget M. Kennedy in the said hospital for appendicitis, from which she had been suffering for some time before she entered the said hospital, and that after the operation the said Bridget M. Kennedy remained in the said hospital as a patient until December 8, 1908.''

Testimony given at the trial also showed that Bridget M. Kennedy had been a few days previous to the operation examined by the physician and surgeon who afterward operated on her; that he had diagnosed her ailment as appendicitis, and that from the history she gave him, he supposed that she had it ten days or two weeks.

The company having refused to pay the beneficiary the amount of the policy, she brought this suit. The cause was submitted to a jury. At the close of the evidence the defendant moved the court for a peremptory instruction. It was refused, and the court of its own motion instructed the jury that the defense made being that the assured made false statements and representations, the burden was on the defendant to prove that

54    APPELLATE COURTS OF ILLINOIS.

Kennedy v. Prudential Ins. Co. of America, 177 Ill. App. 50.

she made them in her application for the policy, that she knew they were false when she made them, that the fact concealed or falsity expressed was material to the risk and that its failure to prove any one of these propositions would compel the jury to find a verdict for the plaintiff. He then proceeded:

"The court instructs the jury that if they believe from the evidence that Bridget M. Kennedy, the party named in the insurance policy introduced in evidence, represented to the medical examiner of the defendant in her application for said insurance that she had never prior to the date of such representations undergone any surgical operation and falsely and fraudulently concealed such fact from the medical examiner of the defendant, then in that case you will find the issues for the defendant, if you further find from the evidence such false representation, if any was made, was material to the risk, and that the said Bridget M. Kennedy knew they were false when made.

"The court instructs the jury that if you believe from the evidence in this case that the deceased Bridget M. Kennedy made truthful answers to the questions propounded to her for insurance in this case, and to the best of her knowledge and belief, that was all she was required to do, and if you so find, your verdict should be for the plaintiff."

The defendant, by his attorney, requested the court further to instruct the jury as to the meaning of the term "material to the risk" used by the court in the foregoing instruction, and also requested the court to instruct the jury that it was immaterial of what disease the insured died. The court refused to instruct the jury further.

The jury returned a verdict for the plaintiff for $525.21, on which, after a motion for a new trial and one in arrest of judgment had been overruled, the judgment before mentioned was entered.

In this court it is contended that the verdict and judgment are against the law and the evidence; that

the court below erred in refusing to instruct the jury peremptorily for the defendant, and that it erred in the instructions which it did give to the jury, and in refusing further to instruct the jury as requested by the defendant's counsel.

HOYNE, O'CONNOR, HOYNE & IRWIN, for plaintiff in error; CARL J. APPELL, of counsel.

THOMAS C. KENNEDY, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This judgment must be reversed. To uphold it we should be obliged to ignore well settled principles of the law of insurance.

The policy was not incontestable on account of false representations in the application. It only became so by its terms after the lapse of a year from its issuance. That year had not passed. The provision that "no *such* statement shall &ast; &ast; &ast; be used as a defense to a claim" under the policy, plainly refers by all rules of construction to the "statements" just before described, that is "statements made by the insured in the absence of fraud" and "deemed representations and not warranties." · If a statement of the assured was made fraudulently as an inducement to procure the issuance of the policy to her, it was not "a statement made by the insured in the absence of fraud."

Under these circumstances it was plainly proper to admit the evidence of the answers made by the insured to questions of the medical examiner made when he examined her following her application, when those answers in connection with the stipulated facts showed a wilful misstatement of material matters affecting the risk. Considering the application alone, however, it is inconceivable that a person who on November 18, 1908, underwent a capital operation, with its resultant risks, an operation which is resorted to in the natural order of things, only on account of the imminent pres-

56     Appellate Courts of Illinois.

Kennedy v. Prudential Ins. Co. of America, 177 Ill. App. 50.

ence or threatened recurrence of a dangerous and painful ailment, and who for twenty days thereafter remained in the hospital where the operation took place, should in ten days thereafter have answered in the negative the question, "Have you so far as you know ever had any serious illness or disease" without an intentional and intelligent purpose to deceive. This was the question put to the insured and thus answered in the application itself, which was a part of the policy. The falsity of the answer is, in our opinion, undeniable, and admitted by the stipulation on the facts; its materiality is a matter of law. As the Supreme Court of Pennsylvania said in Murphy v. Prudential Ins. Co., 205 Pa. St. 444, "It has always been held that a court must declare as material a false statement to a request that the insured give full particulars of any illness that he might have had;" and we do not think that in the Illinois cases cited by defendant in error to us this is controverted. It is true that questions concerning the construction of the term "serious illness" have been discussed by Illinois courts; but as we have before said, we do not regard it open to debate that appendicitis followed by a capital operation and a considerable hospital sojourn, is a serious illness; and neither the courts of Illinois, nor of any other state, so far as we know, have ever said that an obviously false statement in reply to the question indicated was immaterial. The contrary doctrine is the basis of the decision in many cases, as in Metropolitan Life Ins. Co. v. Moravec, 214 Ill. 186.

Whether the false answer is considered as a warranty (because expressly made part of the contract of insurance and fraudulent) or as a representation only, it avoids the policy, for it was material.

But in addition to these false statements in the application, the assured made categorically at least ten more false statements to the medical examiner as an *inducement* to the making of the policy. They include statements made twelve days after coming out of the

hospital, to the effect that she had never undergone a surgical operation, that she was last attended by a physician about four years before, that she had never had any serious illness, and that she had never had appendicitis.

The medical examiner testified that if he had known the facts and the falsity of these answers at the time he made the examination and report to the company, he should not have recommended the company to have accepted the risk, as he did.

The "statements" as we have noted we regard not "made in the absence of fraud," and like any other actually fraudulent statements made as an inducement to the issuance of a policy, are available in defense in an action on it, perhaps in any case, certainly in any case where the policy is not on its face incontestable at the time of death.   Welch v. Union Cent. Life Ins. Co., 108 Iowa 224; Reagan v. Union Mut. Life Ins. Co., 189 Mass. 555.

The instructions to the jury we regard as based on a wrong view of the law applied to the facts of this case, and misleading.  They left to the jury questions properly for the court.  They were questions too, the answers to which by the court in the only admissible manner would have required it to peremptorily instruct the jury for the defendant.

The judgment is reversed, and as our view of the law applied to the admitted and uncontradicted facts of this case would prevent any recovery on this policy, we do not remand the cause.

*Reversed.*