of the additional transcript when the latter was certified to by the clerk, a motion to strike such stenographic report from the record will be granted.

2. APPEAL AND ERROR, § 1751*—*when judgment affirmed because of insufficient record.* On a writ of error, where the errors relied upon by plaintiff in error are predicated on proceedings of which no record is duly preserved and no error appears on the face of the record, the judgment will be affirmed.

Joseph Podlesak, Appellee, v. Royal Neighbors of America, Appellant.

Gen. No. 19,875.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. DAVID T. SMILEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed with finding of fact. Opinion filed March 23, 1915. Rehearing denied April 8, 1915.

Statement of the Case.

Action by Joseph Podlesak, plaintiff, against Royal Neighbors of America, a corporation, defendant, on a benefit certificate issued by defendant to the wife of plaintiff.

Defendant contended that the insured was guilty of material misrepresentation in her answers to questions in her application wherein she stated that she had not consulted a physician for personal ailments within seven years and had not had pneumonia. To support its contention defendant introduced evidence showing that the insured had pneumonia four months before the date of the application and was treated for it by a physician. The evidence also showed that she died of pulmonary tuberculosis. From a judgment for plaintiff for one thousand dollars, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

U. A. Screechfield and A. W. Fulton, for appellant.

Jones, Kerner & Posvic, for appellee; DeWitt C. Jones, of counsel.

Mr. Presiding Justice Barnes delivered the opinion of the court.

### Abstract of the Decision.

Insurance, § 753*—*when false answer in application a material misrepresentation.* Where an applicant for insurance states in her application, in answering a question therein, that she had not consulted a physician within the preceding seven years and had never had pneumonia, while the evidence shows that four months before the date of the application a physician had treated her for pneumonia and that she had pneumonia, such false answers are material misrepresentations which render the policy void.

---

### Abbie R. Newcomb, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 19,957.

1. Instructions, § 89*—*when instruction as to preponderance of evidence erroneous.* In an action for breach of contract, where the number of witnesses is uneven, it is prejudicial error to instruct the jury that "the evidence of the smaller number cannot be taken by the jury in preference to that of a larger number unless the jury can say under their oaths that it is more reasonable, more truthful, more disinterested and more creditable," even though they are told elsewhere in the instruction that they should consider the element of numbers with other elements enumerated therein.

2. Evidence, § 444*—*when improper to base opinion upon subjective conditions.* The admission of opinion evidence of experts

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.