## Frances Mueller, Appellee, v. New York Life Insurance Company Appellant.

1.   INSURANCE—*when instruction on effect of false statements improperly modified.* In an action on a life insurance policy, when certain instructions offered by defendant set forth statements made by insured in the application that he had not had certain diseases and that he had not consulted or been prescribed for by a physician within 5 years, and that such statements were material and, if untrue, would avoid the policy, *held* that the manner of incorporating a modifying clause in such instructions by adding "unless the representation was made in bad faith and for the purpose of deceiving the company," was erroneous.

2.   INSURANCE—*when modification of instruction not erroneous.* In an action on a life insurance policy, the modification of instructions to the effect that certain representations were material and, if untrue, would avoid the policy, by adding "unless the representation was made in bad faith and for the purpose of deceiving the company," could not be said to be erroneous as requiring the jury to find that the representations were not only untrue but were made in bad faith and for the purpose of deceiving, where the provisions of the policy rendered the statements representations and not warranties.

3.   INSURANCE—*effect of misstatements.* It cannot be presumed that an applicant for insurance who is a man not skilled in determining the particular character of a disease or the organ affected is guilty of wilful misstatement because of an erroneous answer, and, in the absence of proof of such knowledge, the policy will not be avoided by a misstatement which constituted merely a misrepresentation.

4.   INSURANCE—*binding effect of representations.* Whether representations made in an application for life insurance were warranties or not, the beneficiary is bound thereby so far as they relate to matters within the knowledge of insured.

5.   INSURANCE—*when instruction denying recovery in certain contingency properly refused.* In an action on a life insurance policy, an instruction that if insured had certain diseases when the policy was delivered plaintiff could not recover, offered without any qualification as to knowledge of such disease by insured, was properly refused.

6.   INSURANCE—*when making of representation a question of fact.* Whether assured made representations as to insurance in other companies, *held* a question of fact, and an instruction that if as-

sured, at the time of making application for insurance with defendant, had a certificate in a benefit association the jury should find for defendant, was properly refused as invading the province of the jury.

7. TRIAL—*when interrogatories for special findings improperly refused.* In an action on a life insurance policy, interrogatories offered for special findings as to whether assured had consulted with a physician or had received medical treatment within 5 years should have been submitted, as they were directed to matters within the knowledge of assured.

8. TRIAL—*when interrogatories for special finding should be given.* In an action on an insurance policy, an interrogatory offered for special findings as to whether assured was in good health when the policy was delivered, applied directly to a condition that would defeat the policy and should have been given.

9. TRIAL—*when refusal of interrogatory for special finding proper.* In an action on an insurance policy, refusal of an interrogatory offered for a special finding as to whether assured at any time had cystitis was not error, as an affirmative answer thereto would not entitle defendant to a judgment.

Appeal from the City Court of East St. Louis; the Hon. M. MILLARD, Judge, presiding. Heard in this court at the March term, 1920. Reversed and remanded. Opinion filed October 28, 1920.

DAN McGLYNN and JONES, HOCKER, SULLIVAN & ANGERT, for appellant.

LOUIS BEASLEY, for appellee.

MR. JUSTICE EAGLETON delivered the opinion of the court.

On January 16, 1918, Peter Mueller made application to the appellant, New York Life Insurance Company, for a policy of $1,000 on his life with the appellee, Frances Mueller, his wife, as beneficiary. On the next day he submitted to a physical examination by a physician who made a written report thereof which was signed by the applicant. On the 27th or 28th day of the same month, the policy was delivered to the assured and the first annual premium of $53.99 paid by him.

On July 23, 1918, Mueller died and proof of his death was furnished the appellant, payment refused, and this suit brought.

The declaration consisted of one count in the usual form to which the appellant filed various pleas, making a tender of the premium received and denying liability under the policy because of certain statements made by the assured claimed to be false and that the assured was not in good health when the policy was delivered to him.

The case was tried by two juries, each of which returned a verdict in favor of the appellee, the first being set aside by the trial court, on motion of the appellant, and judgment being rendered in favor of the appellee for the damages assessed on the second verdict, being $1,066.53.

The portion of the application signed by the assured on January 16, 1918, is designated in the record as part 1 and the report of the examining physician as part 2.

In part 1 was a stipulation that the insurance applied for should not take effect unless the policy should be delivered while the applicant was in good health.

In part 2 were answers by the applicant to certain interrogatories and a stipulation that they were made to obtain the insurance, that they were material to the risk and that the company would rely and act on them.

In the policy it was stipulated as follows: "All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties  *   *   *  ."

In part 2 of the application were the following question and answer:

"8. Have you ever suffered from any ailment or disease of  *   *   *  (c) The stomach or intestines, liver, kidneys or bladder?" To which the assured answered: "No."

Following inquiries as to whether he had ever suffered from any ailment or disease of various organs named or from certain diseases named or ever had an accident or injury he was asked:

"D.   Have you consulted a physician for any ailment or disease not included in your above answers?" And he answered:   "No."

The following question was also asked:

"What physician or physicians, if any, not mentioned above, have you consulted or been treated by within the last five years, and for what illness or ailment, (If none, so state.)"   To which he answered: "None."

In part 1 of the application was this statement:

"7.   The following is all the insurance I now have on my life.   (If none, so state.)"   And he stated:

"$2000.00 New York Life—paid out."

Dr. E. W. Cannady testified the assured had consulted and been treated by him at different times between December 5, 1917 and May 30, 1918, inclusive; that at one time during that period the assured was complaining of trouble with his scrotum, on another the witness treated the assured for epididymitis and on another cystitis and on another sciatic rheumatism.

It also appears in the evidence that the assured was an employee of the American Steel Foundries and that there is an organization among the employees of that company known as the Employees' Benefit Association of American Steel Foundries to provide the members with an income during sickness or disability caused by accident and to pay certain death benefits, and that the assured was a member of the association when he made application for the policy in question.

There was also evidence tending to show that the assured received benefits from the Employees' Benefit Association because of being disabled by sickness from January 9, 1918, to February 28, 1918, both inclusive.

In the third, fourth and fifth instructions, offered by the appellant, were set forth certain statements made by the assured in the application that he had not had the diseases named, and in the seventh and ninth that he stated he had not consulted or been prescribed for by a physician within 5 years and that these statements were material and, if untrue, would avoid the policy. Each of these instructions is modified by the insertion therein of, "unless the representation was made in bad faith and for the purpose of deceiving the company." The manner in which this clause is incorporated in the instructions is clearly erroneous.

The argument directed against the modification is that thereby the jury were required to find, "that the representations were not only untrue but that they were made in bad faith and for the purpose of deceiving." It cannot be said the modifications were erroneous for that reason. The provision of the policy above quoted, "in the absence of fraud," rendered the statements representations and not warranties.

In *Globe Mut. Life Ins. Ass'n v. Wagner*, 188 Ill. 133, the assured had stated in the application that none of his brothers were dead when in fact one was dead but the assured did not know it. Our Supreme Court quoted from the case of *Moulor v. American Life Ins. Co.*, 111 U. S. 335, as follows: "The entire argument in behalf of the company proceeds upon a too literal interpretation of those clauses in the policy and application * * *. What was meant by 'true' and 'untrue' answers? In one sense, that only is true which is comformable to the actual state of things. In that sense a statement is untrue which does not express things exactly as they are, but in another and broader sense, the word 'true' is often used as a synonym of honest; sincere; not fraudulent." Our Supreme Court then held: "In the absence of proof by the company of fraud or intentional misstatement

on the part of the insured the policy was not rendered invalid merely because the answer proved to be false." In *Raymer v. Modern Brotherhood of America,* 157 Ill. App. 510, the following rule from Pomeroy's Equity Jurisprudence was quoted with approval: "No misrepresentation is fraudulent at law, unless it is made with actual knowledge of its falsity, or under such circumstances that the law must necessarily impute such knowledge to the party at the time when he makes it."

The instructions under consideration applied to possible disease or diseased conditions and there is nothing in the record showing the appellant knew at any time he had either of the ailments mentioned. It cannot be presumed that a man not skilled in determining the particular character of a disease or the organ affected is guilty of wilful misstatement because of an erroneous answer, and in the absence of proof of such knowledge the policy would not be avoided by a misstatement.

The seventh and ninth instructions offered by the appellant, each informed the jury that the assured stated in his application that he had not consulted a physician within 5 years prior to the date thereof, and that if he had in fact consulted or been prescribed for by a physician within 5 years for certain diseases named they should find for the appellant. These instructions were modified in the same manner as those already discussed and the modification is erroneous for the same reason. In addition to that, these instructions were on statements, as to consulting or being prescribed for by a physician, within the knowledge of the assured.

Whether the representations were warranted or not, so far as matters within the knowledge of the assured were concerned, his beneficiary is bound by the answers. In *Crosse v. Knights and Ladies of Honor,* 254 Ill. 81, the assured, in her application, stated she

had not been attended by or consulted a physician professionally within 7 years, and the Supreme Court held: "In any event, the answers made were material to the risk and did not relate to a matter of opinion or judgment concerning which there might be a mistaken but honest belief." The facts in the case of *Podlesak v. Royal Neighbors of America,* 192 Ill. App. 73, are similar, and in *Kennedy v. Prudential Ins. Co.,* 177 Ill. App. 50, the assured stated he had never undergone an operation. In all of these cases the statement was held to be material and, if false, would avoid the policy.

The sixth instruction offered by the appellant would have informed the jury that if the assured had cystitis or epididymitis when the policy was delivered the appellee could not recover. There was no qualification under these instructions; if either disease existed whether manifest or not it would bar the action. The policy was delivered by an agent of the appellant to the assured at his home and the agent testified the assured appeared in good physical condition. Under these conditions, to inform the jury that a disease which might not have been known would defeat the policy would be improper.

The thirteenth instruction offered by the appellant, and refused, was that if the assured, at the time of the application for the policy in question, had a certificate in the benefit association named they should find for the appellant. The agent who took the application for the policy in question testified that agents of the appellant made no note of the fact that an applicant belonged to such an association. Whether the assured made misrepresentations as to insurance in other companies was a proper subject of inquiry, but it was a question of fact, and the instruction would have invaded the province of the jury, and the court did not err in refusing it.

The appellant offered four interrogatories to be

submitted to the jury for special findings but the court refused them. The first was an inquiry whether the assured had consulted a physician within 5 years before signing the application for the policy in question; the second, whether he received treatment from any physician for any illness or ailment within the same period; the third, whether the assured was in good health when the policy was delivered, and the fourth, whether the assured at any time had cystitis. The first two should have been submitted for the reason they were directed to matters within the knowledge of the assured, the third should have been given, as it applied directly to a condition that would defeat the policy, and the refusal of the fourth was not error, as an affirmative answer thereto would not entitle the appellant to a judgment.

For the reasons set forth the judgment of the trial court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*