## Frances Mueller, Appellee, v. New York Life Insurance Company, Appellant.

APPEAL AND ERROR—*duty to enter judgment in conformity with ruling on former appeal.* Where, in former appeal in an action on a life insurance policy, the court held that certain interrogatories, relating to consultation by the insured with a physician and the receiving of medical treatment, should have been submitted to the jury and that if they had been submitted and the jury had answered them in the affirmative, there could have been no recovery, it was error for the trial court, on the second trial, to deny defendant's motion to enter judgment on the special findings, where the jury had answered such interrogatories in the affirmative and it appeared clearly that the findings were warranted by the evidence.

Appeal from the City Court of East St. Louis; the Hon. M. MILLARD, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded with directions. Opinion filed March 24, 1922.

DAN MCGLYNN and JONES, HOCKER, SULLIVAN & ANGERT, for appellant.

LOUIS BEASLEY, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This case has been here before at the March term, 1920, on appeal by the insurance company from a judgment against it for $1,066.53 in favor of appellee. On that occasion we reversed the judgment and remanded the cause. [221 Ill. App. 420.] The cause was redocketed in the trial court and a new jury trial had upon the same pleadings and with substantially the same evidence as before. On this trial there was a judgment in favor of appellee for $1,132.33 and the insurance company has again appealed. Our former opinion contained a statement of the facts and issues which we here repeat, so far as may be necessary to an understanding of the conclusions reached.

On January 16, 1918, Peter Mueller made application to the appellant, New York Life Insurance Company, for a policy of $1,000 on his life, with the appellee, Frances Mueller, his wife, as beneficiary. On the next day he submitted to a physical examination by a physician who made a written report thereof which was signed by the applicant. On the 27th or 28th day of the same month, the policy was delivered to the assured and the first annual premium of $53.99 was paid by him. On July 23, 1918, Mueller died and proof of his death was furnished the appellant. Appellant refused to pay the amount of the policy and this suit was brought. The declaration consisted of one count in the usual form to which appellant filed various pleas with a tender of the premium received, denying liability under the policy because of certain statements made by the assured in his application which it is claimed were false, and further that the assured was not in good health when the policy was delivered to him. That portion of the application signed by the assured on January 16, 1918, is desig-

nated in the record and arguments as part 1 and the report of the examining physician as part 2. In part 1 was a stipulation that the insurance applied for should not take effect unless the policy should be delivered while the applicant was in good health. In part 2 were answers by the applicant to certain interrogatories and a stipulation that they were made to obtain the insurance, that they were material to the risk, and that the company would rely and act on them. In part 2 of the application, following questions as to whether applicant had ever suffered from any ailment or disease of various organs named or from certain diseases named, or ever had an accident or injury, were these questions: ''D. Have you consulted a physician for any ailment or disease not included in your above answers?'' Answer. ''No.'' ''E. What physician or physicians, if any, not named above, have you consulted or been treated by, within the last five years, and for what illness or ailment? (If none, so state.)'' Answer. ''None.'' Dr. E. W. Cannady testified on the second trial as he did on the first that the assured had consulted and been treated by him professionally at different times between December 5, 1917 and the last of March, 1918, and that at one time during that period the assured was complaining of trouble with his scrotum; that on another the witness treated the assured for epididymitis and on another for cystitis. On this trial of the case the following special interrogatories were submitted to the jury: ''Int. 1. Did the said Peter Mueller at any time within five (5) years before the signing of the medical examination in question on the 17th day of January, 1918, now in evidence, professionally consult a physician?'' ''Int. 2. Did the said Peter Mueller at any time within five (5) years before the signing of the medical examination on the 17th day of January, 1918, now in evidence, receive treatment from any physician for any illness or ailment?'' The jury answered both of these inter-

rogatories in the affirmative. Upon the return of the verdict, appellant filed a motion to set aside the general verdict of the jury and to enter judgment in favor of the appellant on the special findings of the jury, which was denied by the court. The trial court's action in overruling this motion of appellant is urged as reversible error, and since, in our opinion, the claim of appellant is well founded, we do not deem it necessary to consider the other assignments of error.

In the opinion of this court on the former appeal in this case, we made the following statement [221 Ill. App. 426]: "The appellant offered four interrogatories to be submitted to the jury for special findings but the court refused them. The first was an inquiry whether the assured had consulted a physician within five years before signing the application for the policy in question; the second, whether he received treatment from any physician for any illness or ailment within the same period. * * * The first two should have been submitted for the reason they were directed to matters within the knowledge of the assured, the third should have been given, as it applied directly to a condition that would defeat the policy." The effect of this holding was, that if these interrogatories had been submitted to the jury and the jury had answered them in the affirmative, there could have been no recovery in this case. On this hearing of the case we adhere to what was said and held in the opinion handed down on the former appeal. Therefore, the jury having by the special findings answered these interrogatories in the affirmative, and it appearing clearly that such findings were warranted by the evidence, we must hold that there can be no recovery in this case and that it was error for the trial court to deny appellant's motion to enter a judgment on the special findings.

For the reasons given above the judgment is reversed and the cause remanded with instructions to the

court below to enter judgment on the special findings in favor of appellant and against appellee for costs.

*Reversed and remanded with directions.*