610

Tri-City Transportation Company, Inc., and I. J. Hudson, Jr., Appellees, v. Bituminous Casualty Corporation, Appellant.

DEWEY & CUMMINS, of Cairo, and W. C. ROPIEQUET, of East St. Louis, for appellant.

JOSEPH O'SULLIVAN, of Mound City, and CHAS. L. RICE, of Cairo, for appellees.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Pulaski county, Illinois, ordering that a policy of workmen's compensation insurance entered into between Tri-City Transportation Company, Inc., one of the appellees (hereinafter called the plaintiff Company), and Bituminous Casualty Corporation (hereinafter called defendant), be reformed so that the name of I. J. Hudson, Jr. (hereinafter called plaintiff Hudson), be included in the policy as an assured, and that the terms of the policy include the employees of said I. J. Hudson, Jr. The decree of court specifically found from the evidence that the proof failed to show a mutual mistake of both plaintiffs and defendant in the execution of the policy of insurance, as charged in the complaint, but found that the defendant "by reason of its conduct" was estopped to deny the alleged mutual mistake of the parties in connection with the terms of the policy.

The complaint filed in the circuit court sought to have the insurance policy reformed and corrected so as to make it payable to both the plaintiff Hudson and the plaintiff Company (of which Hudson was the con-

trolling stockowner). Hudson was engaged in business in his individual capacity, operating a restaurant and novelty business as an individual, in the headquarters of the Transportation Company, which was engaged in the bus business. It was alleged in the complaint that both plaintiffs had applied for the policy of insurance, and that plaintiff Hudson discovered that the policy did not cover him, but only his corporation, after the issuance of the policy, and that the insurer thereafter sent him a certain rider to be attached to the policy, but that through a mutual mistake of the parties, the rider did not conform to the intention of the parties in that it failed to make Hudson, individually, an assured by its terms. The insurer denied that Hudson had ever applied for insurance, or that any policy had ever been issued to him. The policy is in the name of the Transportation Company alone, as assured, and makes no mention of Hudson.

Hudson, who was president and general manager of the plaintiff Company, which was engaged in the transportation business, went into the restaurant business in 1936, as an individual, and certain of his employees were, likewise, employees of the corporation. The Transportation Company was covered by insurance in the defendant Casualty Corporation in three successive policies. An insurance broker of Cairo, Illinois, who testified in behalf of the plaintiffs, stated that he had procured the insurance at the request of Hudson. There was evidence that a rider was attached to the policy, which did cover restaurant employees, but in such policy they are stated to be employees of the Transportation Company. An additional premium was paid for such coverage. It was shown that the plaintiff Hudson had started the restaurant business as a personal operation and that it was not a corporate enterprise. There was testimony by both Hudson and the broker, who had formerly been employed by Hudson, that it was the intention of the parties that the

restaurant employees be covered by such policy. The evidence shows that the broker was licensed as both an agent and an insurance broker by the insurance department of the State of Illinois, but in his testimony he indicated that he had never acted as agent for the defendant Corporation, and that the workmen's compensation insurance involved was placed with the defendant Corporation by such broker in his capacity as broker and under his broker's license, through a duly authorized general agent for the defendant insurer. The applications for such insurance were sent to the General agent by mail, from the broker in Cairo. There was evidence to the effect that two small losses had been paid by the insurer under the policy on the basis of accident reports tending to show that such employees so injured were employees of the corporation. The insurer paid such claims on the basis of such reports.

It was contended by the plaintiff Hudson that such employees were, likewise, employed by him in his individual capacity. There was no showing of any notice to defendant insurer of any such employment either at the time the claims were made, or at any other time.

It is also shown that a safety engineer of the defendant insurer had inspected the premises occupied by the plaintiff Transportation Company and the plaintiff Hudson, and that the records and checks of the plaintiff Transportation Company and plaintiff Hudson had been audited by an employee of the defendant Insurance Company. Two sets of records were kept at the office, one by the title of plaintiff Hudson, and the other, the plaintiff Transportation Company. There was testimony by the broker in Cairo and the plaintiff Hudson to the effect that it was the intention of the parties to cover the restaurant and other employees of Hudson individually. On May 26, 1939, an employee of plaintiff Hudson individually,

sustained a fatal accidental injury. The defendant Corporation investigated such claim, and upon determining that the fatal injury occurred while such employee was working for Hudson individually, defendant Corporation denied that such employee was covered by the terms of the policy with the plaintiff Transportation Company.

The case was tried by the court, without a jury, and resulted in the decree referred to at the outset of this opinion. The defendant Insurance Company bases its appeal on three principal contentions: (First) That the decree of the lower court, predicated upon the finding of estoppel against the insurer, did not correspond to and had no basis in the theory of the complaint; that on the contrary, the finding of the court that the proof failed to show a mutual mistake of the parties as alleged, negatived the entire theory of the complaint, and that, therefore, the court erred in denying the motion of the insurer to enter judgment for the insurer at the conclusion of plaintiffs' case on the ground that the evidence failed to support the complaint. (Second) That the court erred in admitting, over appropriate objection, testimony concerning conversations between plaintiff Hudson and the insurance broker, on the ground that the latter was the agent of the assured, and not of the insurer; and (Third) That the finding of the court that the insurer, by reason of its actions, was estopped to deny the alleged mutual mistake of the parties, is contrary to the preponderance of the evidence, and wholly unsupported by any competent evidence.

While no showing was made to justify such conclusion in the instant case there is no dispute about the basic power of a court of equity to reform or correct a written instrument or contract where there is an omission contrary to the intention of the parties, or a mistake has been made in the name of the insured, or in the description of the property (*German Fire*

*Ins. Co. v. Gueck,* 130 Ill. 345; *Home Insurance & Banking Co. of Texas v. Myer,* 93 Ill. 271).

As to the status of the broker, it is contended by the plaintiffs that such broker had acted as agent of the defendant insurer. It is established that whether a party acts as a broker or agent is not determined by what such party is called, but is to be determined from what he does—that is, that his acts determine whether he is an agent or a broker. The broker who testified in this case, stated that he was not an agent of the insurer and never had been, and the evidence discloses that he did nothing more than solicit the plaintiffs for their insurance business; that he was requested to place the workmen's compensation insurance for the Transportation Company with the Bituminous Casualty Corporation. He stated that he could have placed it with some other company if he had desired, and that at the time of the issuance of the policy he had a broker's license with the Bituminous Casualty Corporation, but no agency license. Under chapter 73, section 588, 1939 Ill. Rev. Stat. [Jones Ill. Stats. Ann. 66.125(2)], the term "broker" as used in the act is stated to mean any person, etc. who acts in the solicitation or negotiation "on behalf of the assured" of insurance contracts. Under the circumstances, the introduction of a conversation between plaintiff Hudson, and his insurance broker, could hardly operate to bind the defendant insurer in absence of some showing of agency or ratification, or in absence of some basis for an estoppel as to the defendant insurer.

Irrespective of whether or not an estoppel would be required to be pleaded under the facts and circumstances in this case, the evidence before the court, in our judgment, does not justify the finding of the trial court that the insurer was estopped from denying that there had been a mutual mistake of the parties in the issuance of the policy of insurance. It is funda-

mental that before a party can claim benefit of an estoppel, there must have been conduct on the part of the one claiming to have been estopped, which was calculated to mislead, and it must have been relied upon to the detriment of the person claiming the benefit of it, and such party must have been in ignorance of the true facts and devoid of convenient means of ascertaining the real situation. In this case an estoppel is urged against one who was ignorant of the facts. Under such circumstances, the doctrine of estoppel cannot be invoked as against the defendant (*Fitzpatrick v. Pitcairn*, 371 Ill. 203, 210, 211; *Morse v. Illinois Power & Light Corp.*, 294 Ill. App. 498; *Alton Banking & Trust Co. v. Alton Building & Loan Ass'n*, 289 Ill. App. 177).

The only acts which could conceivably have been invoked to justify an estoppel would arise either from the actions of the broker, from acceptance of premiums, from payments of the claims of plaintiff Hudson's employees, from the safety inspection by the insurer, or from the audit made by the insurer. As to the actions of the broker, there was nothing in evidence that tended to show any knowledge, consent, or ratification of anything which was done by the broker, nor, as we have indicated previously herein, was there any showing of agency on behalf of such broker. The fact that premiums were paid did not put the insurer on notice that Hudson, individually, was to be insured, in view of the fact that only one check was sent for the premium to the insurer. The fact that Hudson kept a private account as to such adjustment would not be binding upon the insurer who received payment from only one source. (The payment was actually made to the broker, and he remitted to the insurer, after deducting his commission.) The payments of claims on the previous accident reports were made on the basis of reports signed on behalf of the Tri-City Transportation Company and I. J. Hudson, Jr., doing business as Tri-City Transportation Company, both

of which were signed by "I. J. Hudson, Jr., President." One of such claims involved only a small medical payment of $2 and no attempt was made to investigate before payment was made. The fact that the safety engineer of the insurer had made inspections on the premises could not act as an estoppel in view of the fact that no showing was made that the safety engineer was informed that any part of the work done on the premises was for Hudson personally. There is, likewise, nothing in the fact that an audit was made by the insurer which put defendant insurer on notice that the policy was intended to cover the employees of Hudson personally, as well as the employees of the plaintiff Company. As a matter of fact, the evidence tends to show that it would have been reasonable for the auditor to conclude, on the basis of the records, that there was but one employer and that this was the plaintiff Company.

The conclusion of the court below, and the finding which is a part of the decree herein, that there was no showing of a mutual mistake of plaintiffs and defendant in the execution of the policy of insurance, as charged in the complaint, in view of the allegations of the complaint and the testimony and evidence in the record, makes untenable the further conclusion that the insurer was estopped to deny that there had been a mutual mistake of the parties. Such conclusion we find as a fact is contrary to the manifest weight of the evidence and is unsupported by any substantial evidence in the record. In view of such conclusion it is unnecessary that we discuss certain other points raised by both plaintiffs and defendant.

The judgment and decree of the circuit court of Pulaski county will, therefore, be reversed, and judgment will be entered here in favor of the defendant, Bituminous Casualty Corporation, and against the plaintiffs for costs.

*Reversed, and judgment entered here.*