**MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, a Massachusetts corporation, Plaintiff,**

v.

**Helen LEBERIS, Defendant.**

**No. 83 C 2618.**

United States District Court, N.D. Illinois, E.D.

Aug. 15, 1984.

J. Robert Geiman, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for plaintiff.

---

Felicia Dwyer, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Massachusetts Mutual Life Insurance Company ("Mass. Mutual") has brought this action against Helen Leberis, wife and beneficiary of the decedent Constantine Leberis ("Leberis"), for breach of an insurance contract. Jurisdiction is asserted pursuant to 28 U.S.C. § 1332. Presently before the Court is Mass. Mutual's motion for summary judgment. For reasons set forth below, Mass. Mutual's motion is denied.

### Facts

On approximately May 16, 1981, Leberis applied to Mass. Mutual for a $50,000 whole life insurance policy on his life in conjunction with Mass. Mutual's Policyholder Opportunity Program ("POP"), under which certain policyholders were allowed to apply for additional insurance without a medical examination. Leberis' application was made through Irwin G. Winer ("Winer"), who had acted as Leberis'

insurance broker for approximately 12 years. Questions on the application which asked whether the applicant had been advised of or treated for any illnesses during the prior year, in this case between May 16, 1980 and May 16, 1981, were answered negatively,[1] and Leberis signed the application below a certification that all statements made in the application were true. Mass. Mutual subsequently issued a policy to Leberis which contained a provision allowing Mass. Mutual to contest the validity of the policy for material misrepresentations in the application for two years following its issuance.[2]

Following Leberis' death in June 1982, which fell within the two-year contestability period, Mass. Mutual initiated a routine investigation of Leberis' medical history. As part of its investigation, Mass. Mutual obtained Leberis' medical records from two Chicago-area hospitals. The subpoenaed records showed that Leberis had been hospitalized three times for heart disease during the year prior to his application for insurance.[3]

■ Mass. Mutual asserts that Leberis misrepresented his medical history of heart

---

1. The relevant portion of the application asks:

   37. Is there now, or within the last year has he/she had, any known indication of, or been told by any physician, psychologist or other practitioner of the healing arts that he/she had any illness, sickness, injury or impairment of health?

   38. Within the last year has he/she had advice from or attendance or treatment by any physician, psychologist or other practitioner of the healing arts?

2. The relevant portion of the application stated:

   We rely on all statements made by or for the Insured in the application. Legally, these statements are considered to be representations and not warranties. We can contest the validity of this policy for any material misrepresentation of a fact. To do so, however, the misrepresentation must have been made in the application and a copy of the application must have been attached to this policy when issued.

   We must bring any legal action to contest the validity of this policy within two years from its Issue Date. After that we cannot contest its validity, except for failure to pay premiums.

3. Medical records prepared in the regular course of business are admissible as evidence under Federal Rule of Evidence 803(6) which states

   The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

   &ast; &ast; &ast; &ast; &ast; &ast;

   (6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

disease, thereby materially affecting the risk assumed by the company.[4] As a result, according to Mass. Mutual, the insurance policy is void, and Mass. Mutual is not liable to Helen Leberis for the proceeds of the policy.

█ In motions for summary judgment, the burden falls upon the moving party to clearly establish that there is no genuine issue of any material fact relevant to a judgment in its favor. *Cedillo v. International Association of Bridge and Structural Iron Workers, Local Union No. 1,* 603 F.2d 7, 10 (7th Cir.1979). The non-moving party is entitled to have any doubts resolved in his or her favor, *Moutoux v. Gulling Auto Electric,* 295 F.2d 573, 576 (7th Cir.1961), and should receive the benefit of reasonable inferences which can be made from underlying facts contained in the materials submitted. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

In the case before us, the defendant claims that there are a number of factual questions that must be resolved. While most of her allegations are conclusory, the questions of Winer's status, that is, whether he was acting as an insurance broker or as an agent for Mass. Mutual is an unresolved material factual issue.

Mass. Mutual claims that Winer, who merely recorded Leberis' answers to the questions on the application, did not possess any factual knowledge of Leberis' heart disease and hospitalization. Mass. Mutual further asserts that, even if he was aware of Leberis' medical history, Winer's knowledge could not be imputed to the company because Winer was acting as Leberis' insurance broker in procuring the application. The defendant, on the other hand, insists that Winer was a friend of Leberis and was aware of Leberis' illness and hospitalization. The defendant alleges that this knowledge must be imputed to Mass. Mutual because Winer was the agent of that company.

Both views are supported to some degree by Winer's own testimony. Winer testified that he was an insurance broker and, as such, was licensed to do business with any insurance company in Illinois.[5] Winer also testified, however, that he had a subagent's agreement with Mass. Mutual.[6]

█ It is generally accepted in insurance law that an agent represents a particular insurer, while a broker represents the insured. *See, e.g., Roby v. Decatur Steel Erectors, Inc.,* 59 Ill.App.3d 720, 725, 17 Ill.Dec. 71, 75, 375 N.E.2d 1355, 1359 (4th Dist.1978). *See also* Ill.Ann.Stat. ch. 73, § 1065.37. The knowledge of an agent or subagent can be imputed to the insurer. *Lauhoff v. Automobile Ins. Co. of Hartford, Conn.,* 56 F.Supp. 493, 499 (E.D.Ill. 1944) [citing *Insurance Co. of North*

---

**4.** Under Illinois law, which controls in this case, *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), heart disease is considered a material factor in assessing the risks assumed by an insurance company. *See, e.g., Metropolitan Life Ins. Co. v. Moravec,* 214 Ill. 186, 188, 73 N.E. 415, 416 (1905); *Alperin v. National Home Life Assurance Co.,* 32 Ill.App.3d 261, 263, 336 N.E.2d 365, 367–68 (1975).

**5.** Winer's deposition states at page 15:

Q How many different companies do you work for or do you sell insurance to people for?

A As a broker, I am licensed to represent any kind licensed in Illinois. At random, I may do business with one or the other, depending upon the nature of the business that I have to do. There are companies that I can specifically give one class of business to and companies that will specifically take another class of business. So, I have to use discretion as to which company I will give business to.

**6.** Winer's deposition states at page 10:

[W]hat is your relationship with Mr. Schneider?

A He has a general agency agreement with the insurance company [Mass. Mutual], and I have a subagent's agreement with the insurance company....

A He [Mr. Schneider] represents Mass. Mutual as their general agent, and his function is to run an office for the purpose of processing business from other agents such as myself.

Weiner's deposition later states:

Q When did you become a subagent or get a subagency contract? Have you always had one of those with Massachusetts Mutual?

A Approximately since 1959.

Weiner deposition at page 18.

**160**

America v. Thornton, 130 Ala. 222, 30 So. 614 (1901); 1 Cooley on Insurance at 475 (2d ed.), Restatement of Agency §§ 79–80]. However, either a broker or an agent may act in the opposite capacity and represent the other party in a transaction. *National Premium Budget Plan Corp. v. LaSalle Casualty Co.,* 81 Ill.App.2d 466, 225 N.E.2d 400 (1967). Whether a person is acting as an insurance agent or a broker in a particular situation is determined by his action and other factors such as who called him into action, who controls his movements and whose interest he represents. *Browder v. Hanley Dawson Cadillac,* 62 Ill.App.3d 623, 629, 20 Ill.Dec. 138, 142–143, 379 N.E.2d 1206, 1210–11 (1978) [citing *Tri-City Transp. Co. of Bituminous Casualty Corp.,* 311 Ill.App. 610, 37 N.E.2d 441 (1941), and *Moore v. Commercial Cas. Ins. Co.,* 350 Ill.App. 328, 112 N.E.2d 626 (1953)].

■ In the case before us, Winer had clearly acted as a broker for Leberis prior to the taking of the application in question. As noted above, however, he has also testified that he has a subagent's relationship with Mass. Mutual. For this reason, it is necessary to determine in which capacity Winer was acting at the time he procured Leberis' application on May 16, 1981. If it is found that Winer was acting as a broker, the extent of Winer's knowledge need not be addressed. If, on the other hand, it is determined that Winer was acting as Mass. Mutual's subagent, the extent of Winer's knowledge also becomes a material question of fact.

Accordingly, because these questions of fact exist, Mass. Mutual's motion for summary judgment must be denied. It is so ordered.