# The Chicago City Railway Company

*v.*

# Mary C. Duffin.

*Filed at Ottawa October 2, 1888.*

1. Continuance—*absence of witness—requisites of the affidavit.* The statute requires that when a continuance is sought on account of the absence of a witness, the affidavit shall show due diligence to procure the attendance of the witness; what particular fact or facts the party expects to prove by him, and his place of residence, if known, or if not known, that due diligence has been used to find the same, and which can be done if further time be given. If the facts expected to be proved by such witness be not material, or if the opposite party will admit the affidavit in evidence, the cause shall not be continued.

2. Same—*admission of affidavit for continuance—effect thereof as evidence.* Where an affidavit is admitted, in order to avoid a continuance, the effect of the admission is nothing more than if the absent witness were present and had testified to the facts stated in the affidavit expected to be proved; and the party admitting the same may controvert the truth of such testimony. The affidavit is, in the first instance, addressed to the court, but on being held sufficient, and admitted, so much thereof as sets up facts material and pertinent to the issue, which would be testified to by the absent witness, is to be admitted to the jury as the testimony of such witness. The other portions of the affidavit will have performed their office, and the party can not be permitted to introduce in evidence any part of the affidavit except that alleging the facts to be proved by the absent witness, and even in that, it will be limited to such facts as the witness could, under the rules of evidence, testify to if present,—that is, such as are competent under the issues.

3. The plaintiff admitted the defendant's affidavit for a continuance on account of an absent witness, and the defendant read in evidence so much, only, of the affidavit as stated what was expected to be proved by the absent witness, whereupon the court allowed the plaintiff, over the defendant's objection, to read to the jury all of the affidavit: *Held,* that the court erred in allowing the whole of the affidavit to be read in evidence.

4. The admission that an absent witness would testify to certain facts, to avoid a continuance, is a judicial admission, which the party can not be permitted to dispute. Therefore, it is error to allow that part of the affidavit to go to the jury which shows that the statement of what the absent witness would testify to, was made upon information and belief,

only. The effect of the admission in evidence of such portion of the affidavit would be to create doubt in the minds of the jury, not only as to the truthfulness of the statements, if sworn to, but also as to the fact that the witness would, if present, testify as alleged.

5. ERROR WILL NOT ALWAYS REVERSE. A judgment will not be reversed because technical error has intervened, when it is apparent, from the whole record, that substantial justice has been done, or if, upon the facts, the same verdict must have been rendered if the error had not been committed. But when it is impossible to say, from the evidence, that the verdict is clearly right, if the error tended to the prejudice of the party complaining, it is ground for a reversal.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. R. S. WILLIAMSON, Judge, presiding.

Messrs. HYNES & DUNNE, for the appellant:

It was error for the court to allow plaintiff to read those parts of the affidavit which were addressed to the court. *Railway Co.* v. *Clark*, 70 Ill. 276.

It was error to allow the unjustifiable remarks of counsel about the affidavit for the continuance, and other matters. *Farman* v. *Lauman*, 73 Md. 569; *Railway Co.* v. *Johnson*, 116 Ill. 206; *Covell* v. *Covell*, 79 N. C. 588; *Meredeth* v. *People*, 84 Ill. 480; *Hennies* v. *Vogel*, 87 id. 242; *State* v. *Rork*, 23 Kan. 147; *Brown* v. *Swineford*, 44 Wis. 282; *Rolfe* v. *Rumford*, 66 Me. 564; *Wolffe* v. *Minnis*, 74 Ala. 386; *Railroad Co.* v. *Bayless*, 75 id. 466; *Railroad Co.* v. *Carloss*, 77 id. 443; *Berry* v. *State*, 10 Ga. 511; *State* v. *Caludius*, 1 Mo. App. 551; *Tucker* v. *Heniker*, 41 N. W. 317.

Messrs. STILES & LEWIS, for the appellee:

The whole affidavit for a continuance was properly before the jury. Practice act, sec. 43; *State* v. *Eisenmeyer*, 94 Ill. 96; *Railway Co.* v. *Clark*, 70 id. 276.

As to the remarks of counsel, the following cases will illustrate the unwillingness of the court to disturb a judgment on

this ground: *Wilson* v. *People,* 94 Ill. 299; *Earll* v. *People,* 99 id. 123; *Garrity* v. *People,* 107 id. 162; *Railway Co.* v. *Johnson,* 116 id. 206; *Felix* v. *Scharnweber,* 119 id. 445.

Mr. Justice Shope delivered the opinion of the Court:

This was an action by appellee to recover for personal injury, resulting, as charged in the declaration, from the negligence of the servants of appellant in the management of its cars, upon which appellee was attempting to take passage. A trial by jury resulted in a verdict for $2500 in her favor, and a motion for a new trial having been overruled, judgment was entered upon the verdict. An appeal to the Appellate Court was taken, and the judgment affirmed, and therefrom this further appeal is prosecuted by the defendant below.

While the record is in so unsatisfactory condition that it is difficult to determine with precision what did occur on the trial below, it is clear that the defendant, prior to entering upon the trial, made an application to the court for a continuance of the cause, supported by the affidavit of its agent. The ground relied upon, as set out in the affidavit, was the absence of Frederick H. West and G. H. Cummings, who, it is alleged, were material witnesses for defendant upon the trial of said cause, neither of whom could be secured at that term of the court. The residence of the witnesses, the facts expected to be proved by them, the diligence used to obtain their testimony, that they were not absent with the consent or privity of defendant, that they could be procured by the next term of court, and that the affiant, who was charged with the preparation for trial of said cause by defendant, knew of no other witness by whom the same facts could be proved, were set out in the affidavit. Upon presentation of the affidavit it was held by the court to be sufficient, and the plaintiff, to avoid a continuance of the cause, stipulated to admit the affidavit, and the case proceeded to trial,—for while the record is somewhat

incomplete, the remarks and rulings of the court, and statements of counsel on both sides, set out in the record, show conclusively that the application was regarded and treated throughout, by the court and parties, as made and admitted under the statute,—and the same is, in effect, conceded here. Counsel for appellee, in their brief, say : "When the case was called for trial in the court below, appellant presented an affidavit for continuance, which the court held sufficient, and, to save a continuance, appellee's counsel admitted the affidavit in evidence." The jury were instructed by the court, that the effect, in law, of the statement in the affidavit "of Welch," as to what could be proved by said absent witnesses, is, "that plaintiff admits that if they were present they would so testify, and the statement in said affidavit as to what could be proved by said witnesses stands simply as the testimony of said witnesses," as if they were present testifying thereto. The counsel for plaintiff told the jury, that, under the law, plaintiff admitted that said witnesses would so testify, if present. No doubt can exist, when the whole record is considered, that the application was made, the affidavit set out in the record held by the court sufficient to entitle the defendant to a continuance, and that, under the statute, the plaintiff admitted the affidavit, and the cause proceeded to trial as if no application had been made.

After the plaintiff had concluded her case, the defendant called as a witness one Ralph, by whom it proposed to prove, substantially, the same facts set up in the affidavit, to which objection was made, on the ground that the affidavit had been admitted, and that stating that defendant knew of no other witness, than said West and Cummings, by whom the same facts could be proved, defendant was precluded from calling other witnesses to prove the same fact. After an extended colloquy between court and counsel, in the hearing of the jury, (to which exception was taken by defendant's counsel, and urged here as error, but which we do not deem it important to discuss,) the witness was withdrawn by defendant. There-

upon the record recites that counsel for defendant read to the jury "certain portions of the affidavit of Sumner C. Welch." It is objected by appellee, that for aught appearing by the record, defendant's counsel may have read the parts of the affidavit the reading of which, as we shall presently see, is assigned as error. This is manifestly a mistake, for immediately upon the conclusion of the reading from the affidavit by defendant's counsel, plaintiff's counsel proposed to read the residue of the affidavit, whereupon defendant's counsel said: "I object to those other portions of the affidavit. I make the point, that only so much is admissible as states what is expected to be proved by the absent witnesses." The court: "I think he is entitled to read it all,"—to which ruling the defendant excepted. The record shows that plaintiff's counsel then read to the jury all of the said affidavit for continuance. This ruling of the court is assigned as error.

The 42d section of the Practice act requires, that when a continuance is applied for on account of the absence of a witness, the affidavit shall show due diligence to obtain the witness, what particular fact or facts the party expects to prove by such witness, and his place of residence, if known, or, if not known, that due diligence has been used to find the same, and which can be done if further time be given. The next section provides, that if the court is satisfied that such evidence will not be material, "or if the other party will admit the affidavit in evidence, the cause shall not be continued."

An argument in favor of admitting the whole of the affidavit in evidence is attempted to be drawn from the language quoted. It is said that it is the affidavit which is to be admitted in evidence, and not simply that part which sets forth what the absent witness will swear to,—that the party presenting is in the condition of offering the affidavit in evidence, and can not be heard to object to any part of it. This is a misapprehension. The 44th section of the act provides what shall be the effect of admitting the affidavit "in evidence," which is: "The

party admitting such affidavit shall be held to admit, only, that if the absent witness was present he would testify as alleged in the affidavit, and such admission shall have no greater force or effect than if such absent witness was present and testified as alleged in the affidavit, leaving the party admitting the affidavit to controvert the statements therein contained, or impeach the witness, the same as if the witness had testified in open court." Prior to the passage of the statute under consideration, when an affidavit for a continuance was held to be sufficient, the cause was to be continued, unless the statements in the affidavit expected to be proved were admitted as absolutely true. (*Board of Supervisors* v. *M. & W. Railroad Co.* 21 Ill. 338.) By the statute, the other party, instead of admitting the affidavit as a verity, may, in his discretion, admit that the absent witness will testify as alleged, and thereby avoid a continuance, and still be permitted to controvert the truth of such testimony. The affidavit is, in the first instance, addressed to the court; but upon its being held sufficient, if the opposite party admit the affidavit, so much thereof as sets up facts material and pertinent to the issue, which will be testified to by the absent witness, is to be admitted to the jury as the evidence of such witness. The other portions of the affidavit required by the statute have performed their office, and the material and pertinent facts to be proved by the absent witness, as shown by the affidavit, are "made to speak instead of the witness." Nor is the assumption that the party presenting the affidavit stands in the position of having offered the affidavit in evidence, justified by either the law or the facts. All that he can offer, or be permitted to introduce, is so much of the affidavit as alleges the facts to be proved by the absent witnesses, and in that, is limited to such facts as the witness could, under the rules of evidence, testify to if present,—that is, such as are competent under the issues. *Slate* v. *Eisenmeyer,* 94 Ill. 96; *Chicago and Northwestern Railway Co.* v. *Clark,* 70 id. 276.

Here, all those parts of the affidavit read to the jury over the objections of defendant's counsel, as shown, were clearly incompetent, and it was error for the court to admit the same. But it is insisted, that although error, it is not such error as should reverse in this case; and the doctrine so frequently announced by this court, that a cause will not be reversed, notwithstanding technical error has intervened, when it is apparent, from the whole record, that substantial justice has been done, or if, upon the facts, the same verdict must have been rendered if the error had not been committed, is sought to be invoked. This will necessarily involve such consideration of the facts of the trial as will determine the probable effect of such evidence upon the jury. So far as the evidence legitimately going to the jury showed the facts set up in the affidavit, the right of counsel to comment thereon, and of the jury to consider the same, can not be questioned. This case fitly illustrates the impropriety of permitting those portions of the affidavit addressed to the court, only, to go to the jury. It was testified by plaintiff, that she received the injuries complained of while attempting to get upon defendant's car after it had come to a stop at a street intersection; that as she set her foot upon the step of the car, the car was suddenly jerked forward, by means whereof she was thrown with violence against the car and upon the ground. The case thus presented rested mainly upon her testimony. It was insisted by defendant that the injury to plaintiff was attributable to her own negligence in attempting to board the car while it was yet in motion. The affidavit admitted by plaintiff set forth that the absent witnesses were present and witnessed the manner in which the accident to plaintiff occurred, and that said West assisted in picking the plaintiff from the ground where she had fallen, and that it was expected to be proved by said witnesses that plaintiff started for the car and attempted to get on while the car was still in motion; that she took hold of the hand-rail of the car while it was still in motion, and attempted to put her foot

on the step leading to the rear platform of the car, lost her balance, and fell to the ground,—and that this all occurred before the car stopped, the car coming to a full stop about two feet from where the plaintiff fell. The witness Ralph was, subsequently to the reading of the affidavit, re-called, and, upon the statement of defendant's counsel that the fact that he knew of the accident to plaintiff had been discovered since the filing of the affidavit for continuance, was permitted to testify, and did testify, to substantially the same facts set up in the affidavit. John Turner, the person who was driving defendant's car at the time of the injury, was also produced, who testified, in substance, that after he stopped the car he looked back, and saw a lady picked up. He did not stop the car at the crossing more than once, and says: "Got one bell to stop, and two to go ahead. The accident must have occurred before the car stopped, because when I got the bell to stop, I looked back and saw her getting up."

It is apparent, from the foregoing, that the jury were justified in finding for the plaintiff, or the defendant, as they gave credit to the testimony upon the one side or upon the other, and it is impossible to say, from the evidence, that the verdict is clearly right. If, therefore, the evidence complained of, in the manner in which it went to the jury, tended to the prejudice of the defendant, its admission would be reversible error,—and that it did so, a slight examination of the case will, we think, clearly demonstrate. If it was properly admissible, legitimate comment thereon by counsel was entirely proper. Here the admission was made the occasion of arraigning before the jury, defendant's counsel, its agent and officers. Because of the fact stated in the affidavit by Welch, that he was charged with the preparation for trial on behalf of defendant, and that he knew of no other witness by whom he could prove the same facts expected to be proved by the absent witnesses, and Ralph and Turner had subsequently been produced, he was, in connection with the officers of the cor-

poration, denounced as the "champion liar," and the question submitted to the jury as to whether the affidavit was true in the respect mentioned. The affidavit was made upon the information and belief of Welch, and counsel for plaintiff proceeded to discuss that branch of the affidavit, and the jury were told, in substance, that Welch did not know that the witnesses would so testify,—that Welch did not claim to know, and that it was mere hearsay; and the jury were asked if they supposed that it was possible that if the witnesses had told Welch they would so testify, he would not have taken their deposition, or kept them and had them on hand to testify. Further commenting, counsel said that the statements in the affidavit as to what West and Cummings would testify to, had not been sworn to by them or by any one else,—that Welch simply had sworn he was informed and believed they would so testify.

We can not go through with all the uses made by counsel of all those portions of the affidavit improperly admitted, without unduly extending this opinion. It was perfectly competent for plaintiff's counsel to apply every test to the facts set up in the affidavit expected to be proved by the absent witnesses, by which their truthfulness or untruthfulness might be made to appear; but when he was permitted, by the introduction of this immaterial testimony, to throw discredit upon such facts, not by impeaching their truthfulness, but by arraigning before the jury, as was done, the agent of defendant, (a person unknown to the jury, and not testifying before them,) as unworthy of belief, and the corporation by which he was employed, as a suborner of perjury, because two witnesses were produced having knowledge of the same facts set up in the affidavit, apparently in conflict with that portion of the affidavit improperly admitted, a false issue was raised, with which the jury had nothing whatever to do, and the consideration of which, by the jury, was well calculated to awaken in their minds a prejudice against the defendant, not having a basis in legi-

timate evidence.   The admission that the absent witnesses
would so testify, is a judicial admission, which the party can
not be permitted to dispute.   When the court permitted that
part of the affidavit to go to the jury, which showed that the
statement of Welch as to what the absent witnesses would
testify was made by him upon information and belief, only,
another and an unwarranted element was introduced into the
consideration, by the jury, of the testimony of the absent wit-
nesses, for when counsel assumed, as he might legitimately
do if the evidence was proper, that the admission was not a
verity, but rested only in hearsay, the effect, necessarily, was
to create in the minds of the jury, not only a doubt as to the
truthfulness of the statements, if sworn to, but of the fact that
said witnesses would, if present, testify as alleged.   The effect
of the concluding argument by the distinguished counsel for
plaintiff, based, as it was, in part, upon evidence not pertinent
to any issue, and improperly admitted, could not have failed
to create in the minds of the jury a prejudice against the de-
fendant, and its manner of preparation for trial, and of weak-
ening the force and effect of the evidence, especially of the
absent witnesses.

Some reliance is placed upon the fact of the absence of the
conductor of the car, who is shown to have been present at
the time of plaintiff's injury, without any satisfactory excuse or
explanation, as tending to support the theory of the plaintiff.
It was shown that the conductor had left the employ of the
defendant, and gone to New York, and that efforts had been
made to find his whereabouts.   We agree with the court that
if the defendant had it in its power to produce this witness,
and failed to do so, or purposely suppressed his testimony,
that was a circumstance which might, perhaps, be proper to
be considered as tending to support the theory and testimony
of the plaintiff.   But it can not be said that that circumstance
would furnish any excuse or justification for the admission of
the improper matter before adverted to, and, if considered,

would still leave the vital question at issue open, to be determined by a preponderance of the evidence. It may be true, as insisted, that the testimony of the witness Ralph is shown to be wholly unreliable; but that fact, if it exists, in no way destroys or interferes with the right of the defendant to have the testimony of Turner and of the absent witnesses go to the jury unaffected by extraneous and improper matter.

It is also assigned for error that the court permitted improper remarks of counsel for plaintiff, during the trial and argument of the cause. We do not see in the argument of counsel, while perhaps in some instances unwarranted, any such error as should reverse the judgment, if the evidence before mentioned was competent to be considered by the jury. In the conflict of evidence tending to establish the material facts, it was the duty of the court to see that nothing reached the jury improperly that would have a tendency to prejudice the cause of either party. The rules of evidence must be applied impartially to all litigants, and to promote and secure the fair and impartial trial of the cause according to the rules of law.

For the errors mentioned, the judgments of the Appellate and Superior Courts must be reversed, which is done, and the cause remanded to the latter court for further proceedings.

*Judgment reversed.*

MAGRUDER. J.: I do not concur.

BAILEY, J., having heard this cause in the Appellate Court, took no part in this decision.