(No. 14394.—Reversed and remanded.)

NELLIE HANCOCK, Defendant in Error, *vs.* THE NATIONAL COUNCIL OF THE KNIGHTS AND LADIES OF SECURITY, Plaintiff in Error.

*Opinion filed April 19, 1922.*

1. CONTRACTS—*construction of written contract is for the court.* Where a contract is in writing and there is no question involving proof as to the construction put upon it by the parties its construction is a matter of law for the court and not a question of fact for the jury, and the court should construe the contract and advise the jury of its meaning.

2. SAME—*court cannot construe contract contrary to its terms.* Courts do not make contracts for parties who are fully capable of making their own agreements, and if there is no ambiguity about a contract it cannot be construed contrary to its terms.

3. BENEFIT SOCIETIES—*question whether statements in application are warranties or representations is for the court.* The question whether alleged false statements in an application for membership in a benefit society constitute warranties or representations should not be left to the jury where the application is made a part of the contract, but the court should instruct the jury whether the statements constitute warranties or representations.

4. SAME—*what determines whether statements in an application are material—questions of fact.* Whether statements of an application made as incidental and inducement to a contract of insurance are material is determined by the question whether reasonably careful and intelligent men would have regarded the fact stated as substantially increasing the chances of the event insured against, and such question may be the subject of evidence and raise issues of fact unless the statements are of such a nature that all persons would agree that they are or are not material.

5. SAME—*when statement in application is a warranty.* Any statement made by an applicant for insurance which relates to the risk, and is declared by the policy, or in another instrument incorporated with it, to be a condition of the insurance, is a warranty, as its truth is in the nature of a condition precedent and must be literally true to create any liability, and whether the word "warranty" is used or omitted is not conclusive of the nature of such a statement or its effect on the policy.

6. SAME—*what is a misrepresentation in application for insurance.* A misrepresentation in an application for insurance is a

statement of something as a fact which is untrue and material to the risk, and which the insured, knowing it to be untrue, states in an attempt to deceive, or which he states positively is true without knowing it to be true and which has a tendency to mislead.

7. SAME—*when statements in application will be deemed material whether they are so or not.*   Where an application for life insurance is expressly declared to be a part of the contract and the statements therein contained are warranted to be true, said statements will be deemed material whether they are so or not, and if shown to be false there can be no recovery on the contract, however innocently they were made.

8. SAME—*what questions in application need not be answered positively.*   An applicant for insurance is not required to answer questions as to family history or any other matter which he can not answer truthfully, but may answer that he does not know or that the fact does or does not exist to his knowledge.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. EDWARD K. JARECKI, Judge, presiding.

A. W. FULTON, JOHN V. MCCORMICK, and S. J. FUL-TON, for plaintiff in error.

GUSTAV E. BEERLY, and JOHN R. MCCABE, (ELLIS S. CHESBROUGH, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendant in error, Nellie Hancock, sued the plaintiff in error, the National Council of the Knights and Ladies of Security, in the municipal court of Chicago, and in her statement of claim set out the execution of a benefit certificate to Patrick Foley on October 16, 1914, for the sum of $2000, payable to her, and alleged that Foley died on April 10, 1916, and that notice and proof of death were furnished in compliance with the terms of the contract.   An affidavit of defense was filed by the defendant, and upon a trial by jury there was a verdict for the plaintiff for $1862.

Judgment for that sum and costs was entered, and on appeal to the Appellate Court for the First District the judgment was affirmed. This court granted a writ of *certiorari* to bring the record here for review.

The verified statement of defense alleged that the contract between Patrick Foley and the defendant, a copy of which was attached to the statement of claim, consisted of the beneficiary certificate, the application and the constitution and by-laws of the society; that Foley falsely stated in his application that he was a sewer builder employed by James Gleason, sewer builder; that he stated that neither of his parents had been afflicted with consumption although his mother had been so afflicted; that he falsely stated that he did not have and never had consumption; that he falsely stated that he never had a cough, habitual; that he stated that his mother, Mary Foley, had died at the age of seventy-six years, of senility, sick one year, while in fact his mother died at the age of fifty-seven years from tuberculosis; and that the defendant had tendered to plaintiff the amount of assessments paid by Foley, which, after being retained for a time, had been refused and returned to the defendant. These statements of the plaintiff's claim and of the affidavit of defense constituted the issue submitted to the jury as matters of fact.

The plaintiff, to maintain the issues on her part, offered in evidence the benefit certificate, which stated that it was issued by the National Council and accepted by the member only upon the following express warranties, conditions and agreements: that the application for membership, together with the report of the medical examiner, both of which were made part of the certificate, were true in all respects, and each and every part thereof should be held to be a strict warranty and to form the only basis of the liability of the order the same as if set forth in the certificate, and that the application and medical examination, and the constitution and laws of the society, and the benefit certifi-

cate, should all be construed together as forming parts of the contract. Attached to the certificate was a photographic copy of the application, containing the following questions and answers as to matters of defense set up in the affidavit of defense:

"6. What is your business or occupation?—Sewer builder. Give the name and address of your present employer.—James Gleason. Have you any other business, employment or occupation, either regularly or occasionally?—No.

"8. Family record of applicant: * * * (*b*) Mother, dead. Age at death, seventy-six. Cause of death, senility. Place of death, Chicago, Illinois. Date, February 11, 1904. How long sick, one year. Name and address of attending physician, Dr. Shaw.

"9. Have * * * either of your parents * * * been afflicted with consumption, scrofula, cancer, insanity, epilepsy or heart disease?—No.

"12. (*a*) Have you now or have you ever had, or has any physician ever treated you for or informed you that you had, any of the following named diseases or symptoms of any disease of the following named organs: * * * cough, habitual; consumption in any form? * * * No."

The defendant on its part introduced evidence that the records of the sewer department of Chicago did not show anyone named Patrick Foley working for the city in the years 1914 and 1915; that in the summer of 1914 Foley slept on a porch and had a continual cough, which was different from a bad cold and of an habitual nature, and that his mother died of pulmonary tuberculosis at the age of fifty-seven. The plaintiff offered in rebuttal evidence that Foley worked in the sewer department under the name of John Foley, his brother; that in 1914 he appeared to be in good health, and the witnesses testifying never noticed any cough and never knew him to have a cough, and that the mother had been ill in her last illness but a short time,—

about two weeks,—and prior to her last illness the condition of her health appeared to be pretty good.

The court in instructing the jury as to the law told them that the statements made by an applicant in his application for a policy of insurance were either instruments of representation or instruments of warranty; that in this case the policy called for warranties, mentioned them and incorporated them as a part of the policy. This was correct, and was followed by an equally correct statement of the nature of a warranty and a representation, and the effect of each on the contract of insurance if untrue. The defendant asked the court to instruct the jury whether the alleged false statements in the application were, as a matter of law, warranties or representations, but the court refused to so instruct and directed the jury to consider the statements of the applicant as to whether they considered them to be representations or warranties. Upon further discussion the court said that the answers were either warranties or representations in the construction of the contract and left the question to be determined by the jury.

Where a contract is in writing and there is no question involving proof as to the construction put upon it by the parties, its construction is a matter of law for the court and not a question of fact for the jury. It is the duty and function of a court to construe such a contract and advise the jury of its meaning. (*Crosse* v. *Knights and Ladies of Honor,* 254 Ill. 80.) The court erred in refusing to instruct the jury whether the alleged false statements constituted warranties or representations and in leaving that question to the jury. In reply to this plain statement of the duty of the court, it is said that no complaint can be made, because leaving the question of law to the jury was too favorable to the defendant by leaving it open to the jury to find that the statements were warranties. Evidently the jury determined, as a matter of law, that the

statements were representations, and were either believed to be true by the applicant, or if untrue were not material to the risk. However that may be, the verdict of the jury, resting upon a decision as to the law as well as fact, can not have the force of a decision of controverted questions of fact. Whether statements of an application made as incidental and inducement to a contract are material may be the subject of evidence and raise questions of fact unless they are of such a nature that all persons would agree that they are or are not material. Whether a representation is material is determined by the question whether reasonably careful and intelligent men would have regarded the fact stated as substantially increasing the chances of the event insured against, so as to cause a rejection of the application or different conditions. That the representations in this case as to either of the parents of Patrick Foley having been afflicted with consumption and as to his having an habitual cough met the test and were material would necessarily be agreed to by everybody.

Any statement made by an applicant for insurance which relates to the risk, and is declared by the policy, or in another instrument incorporated with it, to be a condition of the insurance, is a warranty. Its truth is in the nature of a condition precedent and must be literally true to create any liability. A misrepresentation is a statement of something as a fact which is untrue and material to the risk, and which the insured states, knowing it to be untrue, in an attempt to deceive, or which he states positively is true without knowing it to be true and which has a tendency to mislead. Neither the fact that the word "warranty" is used or omitted is conclusive of the nature of a statement or its effect on the policy. In construing an insurance contract, if there is any ambiguity or doubt it is resolved against the insurance company because the language of the contract is chosen by it. Language is to be construed strictly against the insurer and according to its common and literal

meaning in favor of the insured. (*Commercial Ins. Co.* v. *Robinson,* 64 Ill. 265; *Queen Ins. Co.* v. *Dearborn Building Ass'n,* 175 id. 115; *Forest City Ins. Co.* v. *Hardesty,* 182 id. 39.) Under this rule it was held in *Continental Life Ins. Co.* v. *Rogers,* 119 Ill. 474, that if anything can be found in the contract which is ambiguous it will be construed against the insurance company. In that case it was agreed that the statements and representations were warranted to be true, but the policy contained the additional statement that if it had been obtained by or through any fraud, misrepresentation or concealment the policy should be absolutely null and void. It was held that the fraud, concealment and misrepresentation contemplated could have no application to anything other than the answers to the questions in the application, and on that account it was held that answers not material to the risk, which were honestly made in the belief they were true, would not present any obstacle to recovery. It was considered that to give any effect at all to the provision would be by treating the answers as mere representations and not warranties. In *Minnesota Mutual Life Ins. Co.* v. *Link,* 230 Ill. 273, it was held that statements of an applicant would be treated as representations, the materiality of which must be proved to avoid the contract, rather than warranties which would avoid the contract regardless of their materiality, if such a construction might be reasonably given to the contract. In that case there were answers to questions, at the end of which there was a statement, "Having carefully read and fully understanding the foregoing questions, I declare that I have never had any of the diseases or other serious ailment except pneumonia when nine years old." It was therefore held that this language gave sufficient reason for holding the statements to be representations and not warranties, and the words "other serious ailment" might be said to modify all the negative answers to the preceding list of questions, because it would thereby appear it was only in

respect to serious ailments that the company sought information.   Again, in *Spence* v. *Central Accident Ins. Co.* 236 Ill. 444, it was held that an application for insurance is not a part of the policy unless made so by the language of the policy.   The alleged false answer in that case was that the applicant represented that he was sixty-two years of age when, in fact, he was sixty-four years of age. This was held to be a mere representation, because the policy did not make the application part of the policy, and that is not the case here, where it was expressly made part of the policy.   In *Weisguth* v. *Supreme Tribe of Ben Hur,* 272 Ill. 541, the decision in *Continental Life Ins. Co.* v. *Rogers, supra,* was followed, the provisions being so similar that the court declared them to be, in effect, identical.

Parties competent to contract may enter into such agreements with each other as they see fit, and it is the purpose of the law and function of the court to enforce their contract if not in violation of law or opposed to public policy.   Courts do not make contracts for parties who are fully capable of making their own agreements, and if there is no ambiguity about a contract the courts cannot permit a construction contrary to its terms.   By the contract in this case the benefit certificate, the application for membership and the constitution and by-laws of the society constituted the contract of insurance, and the settled rule of law is that where an application for life insurance is expressly declared to be a part of the contract and the statements therein contained are warranted to be true, such statements will be deemed material whether they are so or not, and if shown to be false there can be no recovery on the contract however innocently the statements had been made.   (*Crosse* v. *Knights and Ladies of Honor, supra.*)   An applicant for insurance is not required to answer questions as to family history or any other matter which he cannot answer truthfully, but may answer that he does not know or that the fact does or does not exist to his knowledge.   The answers

in this case do not relate to matters of opinion or judgment but to matters of fact, and the statements are declared to be warranties. There is nothing in the abstract of record modifying the agreement as to the nature of the statements in the slightest particular, or the stipulations of the policy as above stated, or which could justify the court in interpreting them otherwise, and the abstract is presumed to be sufficient for all purposes of the decision.

The court erred in refusing to instruct the jury that the statements alleged to be false were warranties and if false avoided the policy, and in leaving that question of law to be determined by the jury.

The judgments of the Appellate Court and municipal court are reversed and the cause is remanded to the municipal court.

*Reversed and remanded.*