## Robert L. Patton, Trustee, Appellant, v. W. L. Young, Appellee.

1. APPEAL AND ERROR—*matter in record which belongs in bill of exceptions is not considered.* An affidavit and motion to open a judgment are not a part of the common-law record and where appellant did not preserve in a bill of exceptions the evidence upon which the court acted in granting the motion it must be presumed that the court ruled correctly as the motion and affidavit cannot be considered though the clerk included them in the transcript of the record.

2. NEGOTIABLE INSTRUMENTS—*payee bank taking note at full value is bona fide holder.* Where a note was turned in to a bank which was the payee and full value paid therefor, the bank became a bona fide holder unless it had notice that it was without consideration and had not been given for the accommodation of the person who induced the maker to execute it.

3. AGENCY—*not provable by agent's declarations.* An agency cannot be shown merely by the statements and declarations of the alleged or supposed agent.

4. NEGOTIABLE INSTRUMENTS—*one taking from bona fide holder takes his rights.* Where a bank was a bona fide holder of a note before it was purchased by appellant, the appellant is a holder in due course and holds it free from all defenses even if it were shown that he had knowledge thereof before his purchase.

5. Agency—*holding out authority to represent that note was for accommodation.* Where appellee gave a note to another naming a bank as payee, knowing that he was not employed by the bank but evidently assuming that he had authority to represent the bank in the transaction, he put such person in a position where he could say to the bank that appellee had signed the note as an accommodation to him and, where the bank became a bona fide holder of the note, appellee must stand the loss in a suit by an assignee of the bank.

Appeal by plaintiff from the Circuit Court of Lawrence county; the Hon. Julius C. Kern, Judge, presiding. Heard in this court at the March term, 1924. Reversed and remanded. Opinion filed July 7, 1924.

Shaw & Huffman, for appellant.

George W. Lackey, for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

Appellee executed a judgment note to the Bridgeport State Bank. Before maturity it was indorsed to appellant who procured a judgment by confession on September 5, 1922. The judgment was opened and appellee filed the general issue and a special plea of a want of consideration with an averment that appellant had knowledge of that fact before he received the note. There was a verdict and judgment for appellee.

Appellant argues that there was no sufficient showing to authorize the court to open the judgment and permit a defense to be made. The motion and affidavit are not a part of the common-law record. If appellant desired to question the court's ruling in that regard he should have preserved, in a bill of exceptions, the evidence upon which the court acted. Having failed to do so we must presume that the court ruled correctly. It is true that the clerk has included the motion and affidavit in the transcript of the record, but they are not a part of the record and cannot be considered. *People v. Faulkner,* 248 Ill. 158.

Appellee says he was an oil well contractor in Illinois for many years and a customer of the Bridgeport State Bank to which he was indebted when he went into bankruptcy in 1913; that he went to the oil fields in Texas and while there Mr. Black, a son-in-law of the cashier of the bank, came to him and told him that he Black, was advised by the bank to see him and other men who had been doing business with the bank; that the bank wanted to build up some credit and do business with the people in Texas whom they knew were all right. He says that Black then told him that he could borrow this money but he was not to use it or take it out of the bank until he had a contract and a well working; that he signed the note but never received any consideration for it.

It does not appear just when or by whom the note was turned in to the bank, but it is very evident that the bank took it at its face value and it became a part of its asset. In September, 1919, the bank examiner from the State Auditor's office told the directors of the bank that the bank should have more ready cash on hand and requested them to take over this Young note as it would not be due for more than two years. Thereupon the bank was paid full value for the note and it was indorsed to appellant as trustee for himself and the other directors who furnished the money.

Appellee does not claim that appellant or any of the other directors had actual knowledge or notice of a want of consideration for the note. He insists that the judgment is right and should be affirmed because the directors are the active managers and the law charges them with notice of all the transactions of the bank; that they cannot become bona fide holders of any note in which the bank is the payee. If that were true the bank, as payee, could never be a bona fide holder of a note. A payee who accepts a check from one who is not the drawer without knowledge of any fraud that may have been practiced to induce the

drawer to write the check in favor of the payee is a holder in due course. *Drumm Construction Co. v. Forbes*, 305 Ill. 303. When the note was turned in to the bank, the payee, and full value paid therefor the bank became a bona fide holder unless it had notice that it was without consideration and had not been given to Black for his accommodation. *Drumm Construction Co. v. Forbes, supra; Keenan v. Blue*, 240 Ill. 177; *Liberty Trust Co. v. Tilton*, 217 Mass. 462; *Bank of Commerce & Savings v. Randell*, 107 Neb. 332, 186 N. W. 70, 21 A. L. R. 1360; *Merchants Nat. Bank v. Smith*, 59 Mont. 280, 196 Pac. 523, 15 A. L. R. 430.

There is no evidence tending to show that any officer of the bank had notice of any infirmity in the note at the time it became the holder thereof. The plea avers that Black was the son-in-law of the cashier of the bank and that Black came to the State of Texas at the request, and as the agent, of the bank, and that averment was not denied in the replication. It was admitted, therefore, that he was an agent of the bank for some purpose but there was no showing as to the scope or extent of his agency or that he was authorized to get a note from appellee for any purpose. It is elementary law that an agency can not be shown merely by the statements and declarations of the alleged or supposed agent. *Mullanphy Savings Bank v. Schott*, 135 Ill. 655.

We are of the opinion that under the evidence in this record the Bridgeport State Bank was a bona fide holder of the note before it was purchased by appellant. That being true appellant is a holder in due course and holds it free from all defenses even if it were shown that he had knowledge thereof before his purchase. 3 R. C. L. 1036; 8 C. J. 466; *Matson v. Alley*, 141 Ill. 284.

Appellee says he knew Mr. Black and that he was a son-in-law of the cashier of the bank. He also knew

that Mr. Black was regularly employed by the Continental Supply Co. He does not claim that Black had ever been in the employ of the bank prior to the time he executed the note. He evidently assumed that Black had authority to represent the bank in the transaction. By giving the note to Black he put him in a position where he could say to the bank that appellee had signed the note as an accommodation to him. It is a case where one of two innocent parties must suffer loss by reason of the wrongful act of a third party and the rule is that the one who has made it possible, by his own negligence, for the third party to commit the wrongful act must stand the loss. *Drumm Construction Co. v. Forbes, supra; Bartlett v. First Nat. Bank of Chicago,* 247 Ill. 490.

As the judgment is contrary to the law and the evidence it is reversed and the cause remanded.

*Reversed and remanded.*