## Charles J. Dodson, Appellee, v. Loaleen Mutual Benefit Association, Appellant.

1. AGENCY—*method of proving fact of agency or authority of agent.* The fact of agency or the authority of the agent cannot be established by showing what the agent said or did, and the power of the agent can be proved only by tracing it to the source of the authority, the principal, by some word or act of such principal.

2. INSURANCE—*authority of agent not provable by declarations of agent.* The authority of a supposed agent to represent a life insurance company cannot be proven by evidence of the declarations and acts of the agent.

3. INSURANCE—*knowledge of insured's health not provable by declarations of supposed agent.* Knowledge by a life insurance company of the insured's tubercular condition at the time of his application cannot be proven by evidence of the declarations and acts of a supposed agent to whom the information was alleged to have been given.

4. INSURANCE—*admissibility of affidavit for continuance in proof of fact of agency.* An affidavit for a continuance, stating that an absent witness would testify that a supposed agent was the agent of a life insurance company, is a mere conclusion and is inadmissible to prove the fact of agency in an action on a life policy.

5. INSURANCE—*materiality of applicant's representation of health.* A representation by an applicant for life insurance that he had never had tuberculosis is material.

6. INSTRUCTIONS—*based on incompetent evidence.* It is error to grant instructions based upon inadmissible and material evidence.

Appeal by defendant from the Circuit Court of Marion county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1927. Reversed and remanded. Opinion filed January 20, 1928.

C. W. CREIGHTON and JUNE C. SMITH, for appellant.

HOLT & HOLT, for appellee.

MR. JUSTICE NEWHALL delivered the opinion of the court.

Appellee sued appellant, a mutual benefit insurance association, on an insurance policy on the life of Drue R. Dodson. Trial was had before a jury, resulting in

a verdict in favor of appellee for $1,000, upon which judgment was entered.

The declaration consisted of two counts, charging that on the 19th day of June, 1925, appellant executed and delivered to Drue R. Dodson its certificate of insurance, whereby it agreed, upon satisfactory proof of death of Drue R. Dodson, to pay appellee $1,000, provided the said Drue R. Dodson did not misrepresent the facts in making application for said insurance, and that the insured had kept and performed all the terms and conditions of said policy of insurance.

To this declaration appellant pleaded the general issue and special pleas, which, in substance, alleged that the certificate of insurance was obtained by fraud and circumvention, in that the insured, in the written application for insurance, knowingly, falsely, and fraudulently represented that he was sound physically, and had never had tuberculosis; and that appellant, relying upon the false statements in the application and having no knowledge that the same were false, issued the policy.

To these pleas appellee filed replications, denying the facts alleged in the pleas, and averring that Drue R. Dodson informed the agent of appellee as to his condition of health, and that appellant had full knowledge of all the facts as to the health of the insured.

The evidence on the part of appellant shows that on the 17th day of June, 1925, J. M. Henson, the duly authorized field manager of appellant in the city of Salem, in Marion county, solicited Drue R. Dodson to become a member of the Loaleen Mutual Benefit Association, appellant; that at that time Drue R. Dodson made application to the said J. M. Henson, who asked the questions as they appeared in the printed application form; that the answers to the questions were written thereon by the said Henson; that the application was then signed by Dodson, witnessed by Henson's signature, and mailed to the home office of ap-

pellant at Fairfield, Illinois; that on the 19th day of June, 1925, the benefit certificate sued on was mailed to Drue R. Dodson, at Salem, Illinois; that in said application the insured represented that he was sound physically, and that he had never had tuberculosis. Henson testified that from his observation of the insured he believed he was answering truthfully, and relied upon his answers to his questions and upon the signed application of the insured.

Ira D. Gardner, secretary of appellant, testified that he received the application in the usual course of business, gave it a distinctive number, then issued the policy sued on, with the same number as that placed on the application, and mailed the same to the insured at Salem, Illinois.

Dr. Klosterman, witness for appellant, testified that he treated the insured on June 1, 1925, and found that he was suffering from tuberculosis, and that he informed the insured of his condition at that time; that he treated the insured again on June 11, 1925, and later during the months of July and August; that he had suffered quite a while before he came under the doctor's observation.

Dr. Porter, witness for appellant, testified that he treated the insured on two occasions in the month of March, 1925, and that he then diagnosed his trouble as incipient tuberculosis; that he had a very severe cough, with a slight temperature; that he was in a badly run down condition, and had a history of having had influenza.

Appellee attempted to show upon the trial that the application, upon which the certificate was issued, was made out and taken by one Frank Taylor, an alleged agent and solicitor for appellant; that the insured had informed the said Taylor that he was not sound physically; that his physician, Dr. Klosterman, had informed the insured that he had tuberculosis; that Taylor filled out the application, and answered

the questions himself without requiring the insured to answer; that the insured signed the application, which was then delivered by him to Taylor.

The foregoing claims as to the agency of Taylor and the knowledge of appellant of the insured's physical condition were sought to be established by the declarations of Frank Taylor, made to John Dodson, father of the insured, who claimed to be present when Taylor solicited the insurance.

This evidence was objected to by counsel for appellant and overruled by the trial court, and error is now assigned on this ruling.

The fact of agency or the authority of the agent cannot be established by showing what the agent said or did, and the power of the agent can only be proved by tracing it to the source of authority—the principal —by some word or act of such principal. (*Merchants' Nat. Bank of Peoria v. Nichols & Shepard Co.*, 223 Ill. 41.)

An agency cannot be proved by the mere declarations of the supposed agent, when the fact of the agency is in issue. (*Patton v. Young*, 233 Ill. App. 515, 518; *Proctor v. Tows*, 115 Ill. 138; *King v. Chicago, B. & Q. R. Co.*, 235 Ill. App. 401, 407; *Meyer v. Iowa Mut. Liability Ins. Co.*, 240 Ill. App. 431.)

The admission in evidence of the declarations and acts of Frank Taylor, the supposed agent of appellant, by the witness, John Dodson, was erroneous.

Appellee also sought to prove that Frank Taylor was an authorized agent of appellant by the affidavit of Anna Dodson, which was read to the jury after objections thereto were made by appellant and overruled by the court. Prior to the trial, appellee moved for continuance on the ground of the absence of Anna Dodson, an alleged material witness on behalf of appellee.

Counsel for appellee read to the jury that part of the affidavit of Charles J. Dodson in reference to

what counsel expected to prove by the absent witness, Anna Dodson, and which counsel for appellant admitted she would testify to if she were present.

The affidavit, which counsel read, in part, recited: "That she (Anna Dodson) was present at the time the application for certificate of membership in the defendant association was made, and heard the said insured, Drue R. Dodson, tell one Frank Taylor, the agent of the said association then and there soliciting said insurance and taking the said application, and who was then and there representing the said insurance company * * *."

Counsel for appellant objected to that part of the affidavit above quoted, which objection was overruled. It is urged that the statement in said affidavit as to the agency of Frank Taylor is a mere statement of a conclusion, was incompetent evidence, and was insufficient to prove the agency of Frank Taylor in order to establish responsibility upon appellant for the acts and declarations of Taylor.

The statute authorizes only so much of the affidavit to be read to the jury as states that which the witness, if present, would, under the rules of evidence, be permitted to state upon the witness stand.

If the witness, Anna Dodson, had been present in court, she would not have been permitted to state her conclusions as to the supposed agency of Frank Taylor. (*Chicago City Ry. Co. v. Duffin*, 126 Ill. 100; *Slate v. Eisenmeyer*, 94 Ill. 96; *City of Aurora v. Scott*, 82 Ill. App. 616; *Chicago Sign Printing Co. v. Wolf*, 135 Ill. App. 366.)

Under the foregoing authorities, that part of the affidavit stating that Frank Taylor was the agent of appellant was incompetent evidence, and it was error to read the same to the jury.

The record does not disclose that there was any competent evidence establishing the fact that Frank Taylor was ever the authorized agent of appellant. In

fact, the evidence on the part of appellant shows that appellant never had in its service any man, as agent, by the name of Frank Taylor.

In *Metropolitan Life Ins. Co. v. Moravec,* 214 Ill. 186, it was held by the court that the statement in an application that the assured had never had heart disease was a material representation, and, if false, would avoid the policy, and that it was not essential that, in order to maintain that defense, the company should also prove that the assured had heart disease at the time the application was signed.

In *Hancock v. National Council of Knights and Ladies of Security,* 303 Ill. 66, it was said: "Whether a representation is material is determined by the question whether reasonably careful and intelligent men would have regarded the fact stated as substantially increasing the chances of the event insured against, so as to cause a rejection of the application or different conditions. That the representations in this case as to either of the parents of Patrick Foley having been afflicted with consumption and as to his having an habitual cough met the test and were material would necessarily be agreed to by everybody. * * * A misrepresentation is a statement of something as a fact which is untrue and material to the risk, and which the insured states, knowing it to be untrue, in an attempt to deceive, or which he states positively is true without knowing it to be true and which has a tendency to mislead."

To the same effect are the following cases: *Hranicka v. Prudential Ins. Co.,* 235 Ill. App. 257; *Joseph v. New York Life Ins. Co.,* 219 Ill. App. 452; *United States Fidelity & Guaranty Co. v. First Nat. Bank of Dundee,* 137 Ill. App. 382.

The medical evidence of appellee tended to show that the insured died on September 13, 1925, from influenza of short duration; that the doctor, who attended him during his last illness, saw the insured for

the first time about the 9th day of September, 1925, and testified that he was not suffering from tuberculosis that he could discover at that time. No other evidence was offered by appellee tending to show that he had not had tuberculosis at or prior to the making of application for insurance on June 17, 1925. Appellee's theory is that, if the insured was suffering from tuberculosis at that time, appellant, through the medium of Frank Taylor, had full notice and knowledge thereof, but we hold that evidence offered for the purpose of proving Taylor's agency was incompetent and reversible error.

Appellee's instructions, numbered one to four, inclusive, were based upon proof of incompetent evidence as to Taylor's alleged agency for appellant, and it was error to give them under this state of the record.

For the reasons above stated, the judgment of the trial court is reversed, and cause remanded for new trial.

*Reversed and remanded.*