## Earl Wasem, Appellee, v. Metropolitan Life Insurance Company, Appellant.

Opinion filed January 23, 1933. Rehearing denied February 25, 1933.

BROWN & BURNSIDE and KRAMER, CAMPBELL, COSTELLO & WIECHERT, for appellant.

ARTHUR ROE and CHAS. R. MYERS, for appellee.

MR. JUSTICE FULTON delivered the opinion of the court.

Appellee, Earl Wasem, the insured in an accident and health policy issued by appellant, Metropolitan Life Insurance Company, recovered a judgment for $2,280 and costs in an assumpsit suit in the circuit court of Fayette county. The case comes to this court on appeal from that judgment. The declaration con-

sisted of one count, in which the policy sued on was set out and declared on and in which it alleged the execution and delivery of the accident and health policy by appellant to appellee on June 6, 1929. It further set forth what the policy provided by way of benefits to be paid appellee in the event of disease or sickness, directly or independently of all other causes, should it wholly disable or prevent the insured from performing any and every kind of duty pertaining to his occupation: also an additional indemnity for an additional 100 weeks in case the insured was disabled and prevented from performing any kind of duty pertaining to his occupation for the period of one year by reason of being partly paralyzed in one arm and one leg. The count further averred that after the execution and delivery of the policy the appellee did contract a disease and sickness, whereby he became totally disabled and prevented from performing any duty pertaining to his occupation; that he remained so disabled for a period of more than one year; that such disease caused a paralytic condition of one arm and one leg, whereby he had lost the total use of same; that he gave notice of said sickness to appellant under the terms of the policy and has paid the premiums and complied with all the provisions of the policy on his part. To the declaration the appellant filed the general issue and five special pleas, which in substance alleged that in the application, appellee's answers to certain questions were untrue and made with an attempt to deceive appellant; that each of said answers did materially affect the acceptance of said insurance and did materially affect the hazard assumed by appellant in the issuance of the policy; that appellee did not contract the disease or sickness during the term of the policy but that the disease was an infirmity existing prior to the date of said policy; that no notice was given of the sickness

within 10 days after the commencement of disability from such sickness and that appellant had never been furnished with proof of loss covering the claim of appellee.

To those pleas appellee filed replications denying the facts alleged in the pleas and averring that at the time of signing the application appellee was not afflicted with any form of disease so far as he knew; that he had. not had medical or surgical advice or treatment within the last five years: that the answers were true so far as appellee knew; that if he did have any medical advice or treatment during the five-year period prior to making the application it was of such a minor or slight nature that it would not affect the acceptability of the risk or in any way materially affect the hazard; also that notice was given of the sickness through the agent of appellant. Rejoinders and sur-rejoinders were filed. The questions and answers in the application referred to in the pleadings were as follows: "25. Are you now affected with any form of bodily or mental disease, disorder, infirmity or impairment?" Answered by appellee "No." "27. Have you within the last five years had medical or surgical advice or treatment or any departures from good health?" Answered by appellee "No." The policy provided for benefits practically as set forth in the declaration. It also provided that in consideration of the statements in the application and the payment of the premium, the appellant insured appellee against results of sickness or disease contracted while policy was in force; further provided that insurance did not cover any disease resulting from or the sequel to any disease contracted or infirmity existing prior to the date of the policy; also provided that application was attached to and made part of policy, and that policy was issued subject to provision that if any of the statements or answers in the application were false or made

with intent to deceive, or if they materially affected the acceptance of the risk or the hazard assumed by appellant, policy should be void.

Appellee testified he was working in a grocery store at the time the policy was issued but quit the latter part of July, 1929. He then worked in a restaurant until the latter part of August. He then went to work for a candy company but quit in a short time because he could not walk and carry trays on account of his leg and arm. After that he only worked at odd jobs up until January, 1930, at which time he was compelled to cease doing any kind of labor; that prior to the issuance of the policy in question he was examined for a life insurance policy and was in perfect health. The only medical testimony offered on behalf of appellee was that of Dr. Easley who examined appellee in February, 1930, and found a paralysis of the right leg and arm.

The evidence on the part of appellant shows that Dr. Kaeser of Highland, Illinois, on December 4, 1922, treated and examined appellee for a deformity of the spine and found that he was suffering from a curvature of the spine. The history given him was that he had been suffering with this curvature for some time. Afterwards on August 23, 1928, he made an X-ray of the sinus for appellee and treated him later for headaches and pain along the spine. On July 12, 1929, the doctor made a clinical examination of appellee and found a curvature of the spine and gave him treatment at that time. In the doctor's opinion the headaches were caused by the curvature of the spine and that paralysis was caused by pressure of the spine on fluids as they leave the spinal column.

Dr. Herman of Highland testified that he treated appellee on August 19, 1928, for complaints which had dated back three months.

Dr. H. D. Cartwell, who had known appellee for about 20 years, testified that he took an X-ray picture of appellee's spine and neck sometime between 1921 and 1924, and found a curvature of his neck, a little twist; also that he noticed appellee around Greenville at various times and noticed the twist of appellee's head to the left and one shoulder was carried a little higher than the other; that appellee consulted him in June or July, 1929, complaining of severe headaches, for which the doctor treated him several times and advised him to consult some specialist.

Dr. A. M. Keith of Greenville testified that he treated appellee in October, 1929, for a curvature of the spine; that he found quite a marked curvature of the spine and appellee was complaining of his arm and legs, and that in his opinion there was a connection between the condition of appellee's spine and the condition of his arm and leg when he came to the doctor for treatment in October, 1929. Appellee on cross-examination admitted that he knew there was a slight curvature of his spine and that he had consulted Dr. Kaeser and Dr. Herman for headaches prior to June, 1929.

In *Hancock v. National Council of Knights and Ladies of Security,* 303 Ill. 66, it was said: ''Whether a representation is material is determined by the question whether reasonably careful and intelligent men would have regarded the fact stated as substantially increasing the chances of the event insured against, so as to cause a rejection of the application or different conditions. That the representations in this case as to either of the parents of Patrick Foley having been afflicted with consumption and as to his having an habitual cough met the test and were material would necessarily be agreed to by everybody. . . . A misrepresentation is a statement of something as a fact which is untrue and material to the risk, and which

the insured states, knowing it to be untrue, in an attempt to deceive, or which he states positively is true without knowing it to be true and which has a tendency to mislead.'' In *Dodson v. Loaleen Mut. Benefit Ass'n,* 247 Ill. App. 283, it was held that a representation by an applicant for life insurance that he had never had tuberculosis is material. In *Metropolitan Life Ins. Co. v. Moravec,* 214 Ill. 186, it was held that the statement in an application that the assured had never had heart disease was a material representation, and if false would avoid the policy.

The policy in this case was issued without a medical examination and in reliance upon the truth of the answers in the application for insurance. The answers to questions 25 and 27, noted above, were not true, and were answered in such a manner as to become material misrepresentations that affected the risk such as would avoid the policy.

For the reasons stated the judgment of the trial court is reversed.

*Reversed.*

The clerk will insert in the judgment the following: ''The Court finds that because of material misrepresentations made by Appellee in his application for insurance he cannot recover on the policy sued upon in this case.''