Mildred L. Rocca, Appellant, v. Metropolitan Life Insurance Company, Appellee.

Gen. No. 40,513.

Opinion filed June 21, 1939.

STEBBINS, McKINLEY & PRICE and GUY C. GUERINE, all of Chicago, for appellant; L. A. STEBBINS and PAUL E. PRICE, of counsel.

HOYNE, O'CONNOR & RUBINKAM, of Chicago, for appellee; JAMES C. RICH and NATHANIEL RUBINKAM, both of Chicago, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

Plaintiff Mildred L. Rocca brings this appeal from the action taken by the trial judge when the case was tried a second time before a jury, when at the close of plaintiff's testimony the court sustained defendant's motion to exclude from the jury all the evidence offered and received on the part of plaintiff, and to instruct the jury to find the issues for the defendant.

The suit is based upon a claimed renewal for ten years of a term policy of life insurance on the life of Enrico F. Rocca, the plaintiff Mildred L. Rocca being the beneficiary under said policy. When this case was in the Appellate Court on a former appeal the judgment of the superior court was reversed and the cause was remanded for a new trial, as the verdict and judgment were against the manifest weight of the evidence.

No change in the pleadings have been made and they are the same as they were at the former trial, and no question is raised thereon.

Plaintiff's theory of the case is that under the decision heretofore rendered in this case and other cases by this court, wherein the cause was reversed and remanded for a new trial, it was the duty of the court to submit the case to the jury under instructions as to the law, as outlined in the court's former opinion in this case and other cases.

Defendant's theory of the case is that under the evidence submitted and the law as announced in the

court's former opinion, it was entitled, as a matter of law, to a directed verdict.

The error relied upon for reversal is that the court erred in sustaining defendant's motion, at the close of the plaintiff's evidence, to direct the jury to return a verdict for the defendant.

The former opinion filed in this cause was *Rocca v. Metropolitan Life Ins. Co.*, 293 Ill. App. 634 (Abst.), 13 N. E. (2d) 109.

A somewhat different question is presented at this time than was presented at the former hearing. At that time there being a verdict and judgment, it was our duty to consider all the evidence in order to determine whether or not the verdict and judgment were against the manifest weight of the evidence. On this appeal we shall consider only the action of the trial court in excluding the evidence of the plaintiff at the close of plaintiff's case and in instructing the jury to find a verdict of not guilty.

It is well understood that the court, in sustaining the defendant's motion for a directed verdict has no power to weigh the evidence, or to sustain the motion, if there was any evidence favoring plaintiff which standing alone and considered as true, together with the inference which may legitimately be drawn therefrom, the jury might reasonably have found for plaintiff.

As was said in *Ziraldo v. Lynch Co.*, 365 Ill. 197: "A motion to direct a verdict for the defendant preserves for review only a question of law whether from the evidence in favor of the plaintiff, standing alone and when considered to be true, together with the inferences which may legitimately be drawn therefrom, the jury might reasonably have found for the plaintiff."

In their argument counsel for plaintiff says there was no evidence offered other than that which was offered at the former hearing. That being true, we shall consider in passing on the motion in question, only the evidence offered by plaintiff.

The policy which was offered in evidence by plaintiff, provides that it may be renewed for a further term of 10 years:

"(1) By written notice to the Company at its Home Office;

"(2) accompanied by the policy for suitable endorsement on or before the expiration of the insurance hereunder, and

"(3) by paying the premiums to be fixed by the age on the birthday nearest to the date of such renewal."

It is further provided in the policy, plaintiff's exhibit 1, that:

"No agent is authorized to waive forfeiture or to make, modify or discharge contracts, or to extend the time for paying a premium. . . ."

The policy further provides that the privilege of renewal is as follows:

"If the insured be not over the age of sixty-five years the owner of this policy may renew this policy without medical examination for further terms of ten years each by written notice to the company at its Home Office, accompanied by the policy for suitable endorsement on or before the expiration of the insurance hereunder and by paying the premiums to be fixed by the age on the birthday nearest to the date of such renewal in accordance with the following table for each $1,000.00 of insurance. . . ."

Plaintiff's exhibits 2 and 3 are a form for the application for renewal of Renewable Term Policy. These documents were found unsigned among the effects of the assured after his death. After providing how the renewal should be made for a further term of 10 years from December 11, 1932, at the annual premium of $58.50, it provides as follows:

"This form must be sent to the Home Office of the Company accompanied by the Policy for suitable endorsements, on or before the date of the expiration of the insurance, and the first annual renewal premium

due on the date stated above must be paid on or before said date of expiration.''

The premium was not actually paid nor was the renewal application forwarded, nor was it produced as having been signed at the time of the trial. At the time of the trial the only testimony in this regard was that of the beneficiary who testified that the agent Ben Seaman, whom she saw at her husband's drug store, told her that there was a certain amount of money coming to the assured who was her husband, and that he, Seaman, would apply it on the policy as a payment on the new policy and that the balance could be paid within 30 days thereafter. The only testimony produced at the hearing which was intended to prove the authority of the agent Seaman, was that of Seaman himself. There is no doubt that Seaman was the agent of the insurance company. That brings us to a consideration of the question as to whether or not, admitting to be true what Seaman said, can it be shown that the power and authority of an agent can be proven by the testimony of that agent himself?

In the case of *Dodson v. Loaleen Mut. Ben. Ass'n,* 247 Ill. App. 283, suit was brought on a life insurance policy. The defense was that false answers were made to questions contained in the application; that the insured had knowingly, falsely and fraudulently represented that he was in sound physical health and had never had tuberculosis, and relying upon the answers given by the assured the policy was issued. The plaintiff attempted to show that the agent of the insurance company was informed as to the condition of health of the insured, and that the insurance company had full knowledge of all the facts as to the health of the insured.

The evidence was objected to by counsel for the association and this objection was overruled. The Appellate Court held this was error and cited the case of

*Merchants' Nat. Bank v. Nichols & Shepard Co.,* 223 Ill. 41, wherein the Supreme Court said:

"The fact of agency or the authority of the agent cannot be established by showing what the agent said or did, and the power of the agent can only be proved by tracing it to the source of authority—the principal—by some word or act of such principal.

. . .

"There is no claim that the power was expressly given, but the argument is that the power arose out of the nature of the agency and that plaintiff had a right to assume that the power existed. It is to be remembered that persons dealing with an assumed agent are bound, at their peril, to ascertain not only the fact of the agency, but the extent of the agent's authority. They are put upon their guard by the very fact that they are dealing with an agent, and must, at their peril, see to it that the act done by him is within his power. It is their right and duty to ascertain the extent of his power, and to determine whether his act comes within the power and is such as to bind his principal. (Mechem on Agency, sec. 276; *Reynolds v. Ferree,* 86 Ill. 570; 1 Am. & Eng. Ency. of Law,—2d ed.—987.) An agent cannot confer power upon himself, and therefore his agency or authority cannot be established by showing either what he said or did. (*Proctor v. Tows,* 115 Ill. 138; *Mullanphy Savings Bank v. Schott,* 135 id. 655.) The source of authority is the principal, and the power of the agent can only be proved by tracing it to that source in some word or act of the alleged principal. In this case there was no evidence tending to prove that the power to borrow money was an incident of the agency. For such an act as that an agent must have express authority, or some power must be expressly conferred upon him which cannot be otherwise executed. The fact that the defendant carried on the sale of its products through the medium of

agencies distributed over the country would be no ground for a conclusion that the various agents for making sales of machinery and collecting the proceeds were clothed with authority to borrow money.''

So, in the instant case, the policy of insurance offered by plaintiff expressly shows that the agent had no power to change the terms of the policy, so far as payment and reinstatement were concerned, nor have we been able to find any testimony tending to prove that the agent had any power, excepting that which plaintiff said Seaman told her when he talked with her about the extension of her husband's policy. We are mindful of the rule, and if there were any evidence or any testimony from which any legal inference might be drawn, showing the agent had any authority to bind his principal in changing the terms of the policy, we would promptly reverse the trial court in its decision and direct that the case be heard before a jury, but we have been unable, after a most diligent search, to find any evidence which would justify our doing this. The claimed conversation between Seaman, the agent, and the beneficiary could not be considered as evidence affecting the contract between the insured and the defendant company.

We think the trial court did right in sustaining the motion to exclude the evidence of the plaintiff from the jury and in instructing the jury to find the defendant not guilty.

For the reasons herein given the judgment of the superior court is hereby affirmed.

*Judgment affirmed.*

Hebel and Burke, JJ., concur.